### J. C. Pitzer, Appellant, v. W. P. McCune et al., Appellees.

NEGOTIABLE INSTRUMENTS—*when provision as to attorney's fees does not affect negotiability.* A promissory note which contains a provision for attorney's fees in making collection is negotiable.

Assumpsit. Appeal from the Circuit Court of Christian county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed December 15, 1909.

HOGAN & WALLACE, for appellant.

J. C. & W. B. McBRIDE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in assumpsit by the endorsee against the makers to recover the amount due upon a written instrument in the following words, to wit:

"$1200.00.                    BRUBAKER, Ill., Jan. 21, 1907.

On or before July 21, 1908, we or either of us promise to pay to Thos. M. Davin or bearer, at the ........ Bank of ........ twelve hundred dollars, for value received and attorney's fees with interest at the rate of 6 per cent per annum annually from date until paid

without any relief from valuation or appraisement laws.''

The declaration consists of a special count upon the instrument in question and the common counts. In addition to the plea of general issue the defendants filed a special plea alleging that the execution of the instrument in question was procured through fraud and circumvention and without consideration. The instrument described in the declaration was offered by the plaintiff upon the trial, but the court refused to admit the same in evidence, and, no further evidence being offered, directed a verdict for the defendants, upon which judgment was rendered in bar of action and against the plaintiff for costs.

The only question involved on this appeal is whether or not the instrument in question was negotiable. It is urged on behalf of appellees that the words ''and attorney's fees'' rendered it non-negotiable because the words quoted rendered the amount to be paid at maturity uncertain and indefinite. We think the words in question may properly be construed to refer to such reasonable fees as may be paid by the holders of the note for the necessary services of an attorney in the collection of the note, and that such fees were not to become due and payable until after the note had been collected. Lauferty v. Johnson, 17 Ill. App. 549. Under such construction the promise to pay attorney's fees was but a promise to do something after the note had matured and did not affect its character prior thereto. It therefore did not affect the negotiability of the note for the reason that such negotiability was for all practical purposes at an end when the note matured. Dorsey v. Wolff, 142 Ill. 589.

The trial court erred in refusing to admit the note in evidence and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*