## B. F. Anderson, Appellee, v. A. C. Terhune, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Franklin county; the Hon. Charles H. Miller, Judge, presiding. Heard in this court at the October term, 1916. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed April 13, 1917.

### Statement of the Case.

Action by B. F. Anderson, plaintiff, against A. C. Terhune, defendant, to recover on a promissory note for $227, dated August 22, 1914, and due November 22, 1914. From a judgment for plaintiff for $262.85, after filing of a remittitur for $5.15, defendant appeals.

W. H. Hart and Ernest J. Odum, for appellant.

Thomas J. Layman and William B. Johnson, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

### Abstract of the Decision.

1. Witnesses, § 227*—*what is not proper cross-examination in action on note*. In an action on a note, where the defendant claimed that the note was not assigned before maturity and that it was given for medical services performed by the payee, who was not then a licensed physician, and also that when the defendant signed the note he was under the influence of morphine administered by such physician, and there was conflict as to the facts, and the assignee, after having stated on direct examination that his name was indorsed on the note, was asked on cross-examination when he signed it, *held* that such question was not proper cross-examination.

2. Bills and notes, § 421*—*when evidence as to finding maker on street under influence of morphine is properly excluded*. In an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Anderson v. Terhune, 206 Ill. App. 348.

action on a note, where the defendant claimed that the note was not assigned before maturity and that it was given for medical services performed by the payee, who was not then a licensed physician, and also that when the defendant signed the note he was under the influence of morphine administered by such physician, and there was conflict as to the facts, *held* that the exclusion of the testimony of a witness that he had found the defendant on the street under the influence of morphine, but could not fix a definite date, was proper, as the witness could not fix the date at or near the time of executing the note.

3. FRAUD, § 89*—*who has burden of proving.* Fraud is never presumed, but must be affirmatively alleged and clearly established, and the burden of proving an allegation of fraud is upon the party making such allegation.

4. BILLS AND NOTES, § 462*—*when instruction in action on note is improper as to interest and as to attorney's fee.* In an action on a note, where the space for the rate of interest was left blank in the note, and where it was provided that if the note should be collected by suit or foreclosure the judgment or decree should include a reasonable attorney's fee, and that such fee should become due upon commencement of a suit on the note or the filing of a bill to foreclose, and an instruction was given telling the jury that if they believed that plaintiff was entitled to recover, the judgment should be for the face value of the note together with interest from the date of the note, and such attorney's fee as might be shown by the evidence to be due, *held* that such instruction was improper both as to interest and attorney's fee, as the note only drew interest from maturity and the attorney's fee did not become due upon the failure to pay at maturity.

5. BILLS AND NOTES, § 477*—*when judgment may not include attorney's fee.* Where a note provides that if it is collected by suit or foreclosure the judgment or decree shall include a reasonable attorney's fee and that such amount shall become due upon commencement of suit on the note or the filing of a bill to foreclose, such fee does not fall due until after the institution of suit, and the amount of such fee cannot be included in the judgment on the note, but a separate suit must be instituted if the fee is to be recovered.

6. BILLS AND NOTES, § 90*—*when note draws interest only from maturity.* Where a note contains no provision as to interest, the same can only draw interest from maturity.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.