(No. 16168.—Reversed in part and remanded.)
CHARLES P. R. MACAULAY, Appellant, vs. CATHERINE DORIAN et al. Appellees.

*Opinion filed April 24, 1925—Rehearing denied June 5, 1925.*

1. MORTGAGES—*when acknowledgment of trust deed is ratification of signature.* Where it is alleged that the grantor was intoxicated when she executed a trust deed, her acknowledgment of it on the following day, when it is shown she was not intoxicated, must be considered as a ratification of execution of the instrument.

2. SAME—*when party is estopped to deny property is subject to trust deed executed by wife.* A party who has placed property in the name of his wife and made statements of record that she was the owner, is estopped, in a suit to foreclose a trust deed executed by the wife, to deny that the property is subject to the lien of the trust deed.

3. SAME—*when trust deed covers expense of defending property claim in divorce proceeding.* Under a trust deed providing that it shall secure, in addition to the loan, the costs and attorneys' fees should the mortgagee be made a defendant in any suit in regard to the property, the complainant in a foreclosure suit is entitled to recover costs and attorney's fees shown by the evidence to have been incurred by reason of his having, as the holder of the trust deed, been made a party defendant in a divorce proceeding against the mortgagor, where there was a supplemental bill disputing the mortgagor's title.

4. JUDGMENTS AND DECREES—*when judgment pendente lite is not a valid lien on property involved in divorce suit.* A judgment by confession entered against a wife after the filing, in her divorce suit, of a supplemental bill by the husband disputing her title to property held in her name, is not a valid lien against property which is adjudged by the divorce decree to belong to the husband.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

WILLIAM ARTHUR ANDERSON, LESTER E. WILLIAMS, and WALTER B. PRENDERGAST, for appellant.

A. L. GETTYS, for appellee Thomas E. Dorian.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county dismissing appellant's bill for foreclosure of a trust deed and granting the prayer of a cross-bill filed by appellee Thomas Dorian, which seeks to cancel as a cloud the trust deed and certain judgments held by appellant.

The facts are these: On November 27, 1917, appellant filed his bill to foreclose a trust deed executed by appellee Catherine Dorian, at that time wife of appellee Thomas Dorian, conveying two certain pieces of property located in the city of Chicago, to secure the payment of one note for $500, due in one year, and the amounts due on five certain checks totaling $450. On August 28, prior to the filing of appellant's bill, Dorian filed his bill for divorce against Mrs. Dorian on the ground of drunkenness, and made appellant a party to that bill on the ground that he held the note and checks involved, with the trust deed, in this case. A hearing was had and a verdict of the jury rendered finding Mrs. Dorian guilty of drunkenness as charged in the divorce bill. Dorian thereafter filed a supplemental bill in relation to the real estate, praying that the real estate in the name of Mrs. Dorian be decreed to belong to him, and that the incumbrances held thereon by the trustee under the trust deed, and by appellant as owner of the notes under the trust deed, be canceled and declared void. A decree was entered in accordance with this prayer in the divorce case, and on appeal to this court (*Dorian* v. *Dorian,* 298 Ill. 24,) it was held that the two pieces of real estate mentioned in Dorian's supplemental bill and involved here, in fact belonged to Dorian although in the name of Mrs. Dorian; that Mrs. Dorian held that property as trustee, and the decree for divorce and vesting the real estate in Dorian was affirmed. This decree was, however, reversed as it applied to Macaulay, appellant here, on the ground that the proof did not show that he had notice, when the note and trust deed were made, that the property in fact belonged

to Dorian and not to Mrs. Dorian. The decree in that case holding the trust deed invalid was based also on the finding of the chancellor that Mrs. Dorian was not competent to execute the same at the time of its purported execution owing to her drunken condition. This court also held that this finding was not sustained by the evidence; that the only testimony given in regard to the execution of the trust deed was that given by Macaulay and Mrs. Dorian; that that testimony showed that at the time the note and trust deed were executed she was not intoxicated; that the same were given for a valuable consideration. This court reversed that part of the decree holding the trust deed invalid and remanded the cause, with directions to dismiss the supplemental bill as to Macaulay and the trustee under the trust deed. Upon filing the mandate of this court the circuit court dismissed Dorian's supplemental bill as to appellant and the trustee, in accordance with the directions of that mandate. Thereafter, on November 25, 1921, appellant filed a supplemental bill in the cause under consideration here, setting out the above occurrences and alleging that by reason of being made a party defendant to the divorce suit he was obliged to pay as costs and attorneys' fees the sum of $3000; that the trust deed expressly provided that such costs and attorneys' fees should be subject to the lien of the trust deed as well as the amount of the note and checks. It was in this supplemental bill alleged that Dorian claimed some interest in the real estate but that his interest was subject to the lien of the trust deed. The supplemental bill was answered by Dorian, denying that the property found under the divorce proceeding to belong to him was subject to the lien of the trust deed for the reason that Mrs. Dorian had no authority to execute the same as a lien against his property, and for the further reason that Macaulay had notice that the property belonged to Dorian and not to Mrs. Dorian. It is also alleged in this answer that Mrs. Dorian was incompetent to execute the

trust deed at the time she signed the same. Dorian also filed a cross-bill setting out the facts averred in his answer, and alleging that the trust deed, and two certain judgments which the appellant had secured against Mrs. Dorian, were void, and praying their cancellation as to his property. The cause was referred to a master in chancery to take testimony and report his conclusions of fact and law. Evidence was heard, and the master reported recommending that the original and supplemental bills be dismissed and that the prayer of the cross-bill be granted. The chancellor entered a decree in accordance with the recommendations of the master.

It is sought here to re-argue the question as to the ownership of this property in Dorian. That, however, has been settled by the case of *Dorian* v. *Dorian, supra.*

It is urged by appellees that the record shows that appellant had notice of the trust relationship existing between Dorian and his then wife, Catherine, in whose name the title to the property was taken, and that she was incompetent to execute the trust deed at the time she signed the same. When the divorce case was here on review, we held, as has been stated, that the evidence did not show either that Macaulay had notice of the ownership of the real estate by Dorian or that Mrs. Dorian was incompetent to execute the trust deed and notes. The evidence as to her condition at the time the trust deed and notes were made is substantially the same on this hearing as in the divorce case, and since it is set out and discussed in the case of *Dorian* v. *Dorian, supra,* it is not necessary to refer to it further here. While additional evidence is given on the hearing of this cause as to the use of intoxicants by Mrs. Dorian, it does not show that she was incompetent to execute the trust deed. Her acknowledgment of it on the following day, when she was shown not to be intoxicated, must, moreover, be considered as her ratification of the execution of the instrument on the day before.

317—9

Pertaining to the matter of notice to Macaulay of the existence of the trust between Thomas and Catherine Dorian the evidence is somewhat more lengthy, but we are of the opinion that it is substantially the same. It appears from the evidence that Macaulay was aware that the records showed the title to the property to be in Mrs. Dorian and that he had seen the conveyances by which she acquired that title. As to the evidence pertaining to these conveyances, which is the same as that set out and discussed in *Dorian* v. *Dorian, supra,* it is not necessary to discuss it further here.

The evidence also shows that on October 15, 1915, Dorian filed a petition for the appointment of himself as conservator of the estate of Mrs. Dorian, and in that petition alleged that she owned the property involved here. It also shows that on November 16, 1916, Dorian entered into a recognizance in a case wherein he was charged with contempt of court. He offered Mrs. Dorian as surety, she qualifying as owning a part of the property involved. We are of the opinion, therefore, that the record in this case shows that Macaulay did not have notice of the existence of the trust agreement between Dorian and Mrs. Dorian, but that such agreement was, in fact, a secret trust. Moreover, Macaulay had represented Dorian in cases where the latter had been charged with non-support of his children, and there was nothing in their relationship which, according to the evidence, gave him any information that Dorian, and not Mrs. Dorian, owned the real estate. In addition to this, Mrs. Dorian collected the rents of the real estate that was rented and in every way controlled the property as her own. We are of the opinion, therefore, that the chancellor erred in approving the finding of the master that appellant had notice of the existence of this trust, and that he further erred in approving the master's finding that Mrs. Dorian was not competent to execute the trust deed at the time she signed it. It is not contended that if the chancel-

lor is in error as to these matters the property is nevertheless not subject to appellant's trust deed. Dorian having placed his property in the name of Mrs. Dorian and allowed it to remain there, and having made statements of record that she owned the property, is now estopped to deny that his title thereto is subject to the lien of the trust deed executed by her. *Gallagher* v. *Northrup*, 215 Ill. 563; *Smith* v. *Jackson*, 76 id. 254.

It is contended in the cross-bill that certain judgments, one for $553 entered on the note secured by the trust deed herein, and another judgment the amount of which the cross-bill does not state, are void as having been entered *lis pendens*. The first of these judgments was entered on August 29, 1917, the day following the filing of the divorce bill of Dorian against his wife. The second judgment was entered on July 22, 1918. Both were judgments by confession. Under the view we take of the trust deed in this case appellant is entitled to a lien on the real estate involved by reason of that instrument and is entitled to the foreclosure thereof. The record shows that the note upon which the first judgment was entered was the one secured by the trust deed, and it is immaterial, therefore, whether that judgment was or was not valid. The note on which the second judgment was entered had nothing to do with and was in no way connected with the trust deed involved in this case. The judgment on that note was taken after Dorian had filed his supplemental bill in the divorce proceeding, in which he contended the property belonged to him, and while that bill was pending. That judgment, therefore, while valid as to Mrs. Dorian, is not valid as a lien against the property involved here, and it was not error on the part of the chancellor to so hold.

Appellees argue that appellant is not entitled to recover his costs and attorneys' fees occasioned by his being made party defendant in the divorce proceeding. The trust deed specifically provides that costs and expenses arising out of

any suit in connection with the trust deed shall be recoverable in addition to the note checks for which the mortgage was given, and as there is no dispute as to the amount of these costs, appellant will be entitled, on decree, to recover the same in the amount shown by the evidence.

For the reasons here given, that part of the decree holding the judgment of July 22, 1918, invalid as a lien on the real estate involved is affirmed and that portion holding the trust deed void is reversed and the cause remanded, with directions to enter a decree for foreclosure of the trust deed in accordance with the views herein expressed.

*Reversed in part and remanded, with directions.*