MABEL P. O'SHEA, executrix, vs. JOHN M. BARRY, administrator.

Essex. March 12, 1925. — May 22, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Executor and Administrator,* Account: interest. *Interest.*

An executor or administrator is not chargeable with interest on the money of the estate in his hands, unless he has received interest thereon or put it to some profitable use or unreasonably detained it.

Where, from the record upon an appeal from a decree of the Probate Court in 1925 upon a petition filed on behalf of the executor of a will for the allowance of the executor's final account, it appears that the accountant had owed a sum of $2,804 since 1913 which had been adjudicated by a rescript from this court on a previous account in 1924, and there was no evidence at the hearing on the account under consideration tending to show whether the accountant had received any interest from the funds of the estate held by him as executor, a decree charging the accountant with interest from 1913 was not warranted and was reversed.

PETITION, filed in the Probate Court for the county of Essex on July 9, 1924, for the allowance of the final account of Mabel P. O'Shea, executrix under the will of William O'Shea, who was the executor of the last will and testament of Michael Hurley, late of Lynn.

The petition was heard in the Probate Court by *White,* J., who ordered the entry of a decree recasting the account as described in the opinion. The petitioner appealed.

*R. L. Sisk,* for the petitioner.

*J. H. Casey, J. M. Barry, & F. J. Muldoon,* for the respondent, submitted a brief.

SANDERSON, J. This is an appeal by the petitioner, executrix of the will of William O'Shea, from a decree of the Probate Court entered February 2, 1925, in which William O'Shea, as executor of the will of Michael Hurley, is charged in Schedule A of his final account with the principal sum of $2,804.02, and interest thereon from May 10, 1913, to the date of the decree, amounting to $1,972.02. The only

question to be determined is whether the court was justified in charging the accountant with this item of interest.

William O'Shea, at the time of his death, was executor of the will of Michael Hurley, who died in 1899. In 1902, O'Shea filed an account as such executor, and after hearings in the Probate Court, appeals were taken both by the accountant and residuary legatees to the Supreme Judicial Court. A master appointed by a single justice in that court filed his report on May 10, 1913, showing a balance of $2,804.02 due from O'Shea as executor of the will of Michael Hurley. This report was permitted by the parties to remain inactive until June 21, 1921, when an interlocutory decree confirming it was entered, from which an appeal was taken by the heirs of Michael Hurley. O'Shea died November 12, 1921, and his widow, Mabel P. O'Shea, was appointed executrix of his will, and became a party to these proceedings. A final decree was entered in the Supreme Judicial Court ordering that the decree of the Probate Court charging O'Shea as executor with $15,823.86 be modified by substituting therefor $2,804.02, with the further provision that "All questions of interest, if any, are to be determined by said Probate Court." From this decree an appeal was taken by the same heirs, and after rescript the decree previously entered was affirmed with costs. Thereafter upon hearing in the Probate Court the accountant was charged with the controverted item of interest from the date of the filing of the master's report. The court ruled that by the provisions of G. L. c. 235, § 8, interest was thus to be added to the amount for which the master found the accountant chargeable. In the report of facts by the judge of probate, it appears that no evidence was introduced tending to show whether or not O'Shea received any interest from the funds of the estate held by him as executor.

An executor or administrator is not chargeable with interest on the money of the estate in his hands, unless he has received interest thereon or put it to some profitable use or unreasonably detained it. *Stearns* v. *Brown*, 1 Pick. 530. *Bassett* v. *Fidelity & Deposit Co. of Maryland*, 184 Mass. 210. *McIntire* v. *Mower*, 204 Mass. 233, 235. *Loring* v. *Wise*,

226 Mass. 231, 234. The Legislature could not have intended by the enactment of G. L. c. 235, § 8, that the filing by a master of a report upon a controversy over an executor's account should change the well established principles by which his liability for interest are determined. The general duty of executors and administrators is to collect the assets of the estate and, under the direction of the Probate Court, to divide the property among those entitled to it; and in the performance of such duty they are not ordinarily chargeable with interest. The statute in question provides for the computation of interest only in cases where a judgment is entered upon an award. A decree allowing an account of an executor or administrator is not such a judgment; it is merely a final determination of the amounts with which the accountant should be charged and credited in the schedules of his account. The part of the decree of this court after rescript which left all questions of interest, if any, to be determined by the Probate Court contemplated a determination of the question whether the accountant was so chargeable in accordance with the principles of law herein stated. The words "if any" in this decree imply that interest was not chargeable as a matter of course because of G. L. c. 235, § 8, but only if the facts found justified such a charge.

Upon the record there can be no contention that the accountant has received any interest on the funds of the estate held by him, nor that he has invested it in business. There has been a long delay in the settlement of the estate, but the interest charge was not made because of this delay, nor could it well have been so made. The first appeals from the decree on the account were taken by both parties, and the amount with which the accountant was chargeable was substantially reduced by the decree entered on the appeals. The record shows that both parties were responsible for the long delay without action after the master's report was filed. The appeals from the interlocutory and final decrees in this court were taken by the heirs of Michael Hurley and it was not until February 2, 1925, that a decree was entered, after hearing, determining the amount for which the accountant

was chargeable.    The appellant cannot be held to be at fault in appealing from this decree, because it appears that the item of interest was improperly charged.    The decree is to be modified by striking from Schedule A the item of interest, and as so modified it is affirmed.

*Ordered accordingly.*