Washingtonian Home of Chicago, Appellant, v. Gregory T. Van Meter and George F. Harding, Appellees.

Gen. No. 40,084.

Heard in the second division of this court for the first district at the April term, 1938. Opinion filed December 13, 1938.

EDWARD H. S. MARTIN and JOHN B. KING, both of Chicago, for appellant.

ARTHUR J. MURPHY, of Chicago, for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

This appeal is prosecuted by plaintiff from a decree of the circuit court of Cook county, entered January 26, 1938, sustaining defendants' motion to dismiss the two count complaint. The first count, headed, "Separate Action in Chancery," avers, in substance,

that on September 22, 1921, defendant Van Meter executed and delivered to plaintiff his principal promissory note in the sum of $1,100, payable to the order of plaintiff 5 years after date, with interest at 6 per cent per annum, payable semiannually; that to secure payment thereof said defendant executed and delivered his deed mortgaging certain real estate in Cook county, which deed contained the following clause: "It is agreed by the mortgagor that all expenses and disbursements paid or incurred in behalf of complainant in connection with the foreclosure hereof whether by bill or cross-bill, or at law, or in chancery, including reasonable attorney's and solicitor's fees, . . . shall be paid by the mortgagor; and the like fees, expenses and disbursements incurred or paid by the mortgagee or its successors in any suit or proceeding wherein the mortgagee, or its successors, as such, or as holder of said notes, or any of them, may be a party either as complainant, cross-complainant, plaintiff or defendant shall also be paid by the mortgagor. All such fees, expenses and disbursements shall be an additional lien hereunder, and shall be included in any decree that may be rendered in such foreclosure proceeding, which proceeding, whether decree of sale shall have been entered or not, shall not be dismissed, nor a release hereof given, until all such fees, expenses and disbursements and the costs of suit, including attorney's and solicitor's fees have been paid. . . . And it is further mutually understood and agreed by and between the said parties hereto that the covenants and agreements herein contained or entered into shall apply to, and as far as the law allows, be binding upon, and be for the benefit of, the heirs, executors, administrators, successors and assigns of the said parties, respectively"; that thereafter said defendant, by written extension agreements, the last of which was consented to in writing by defendant Harding, extended the date of pay-

ment of the balance then due to September 22, 1935; that on the extension agreement of November 12, 1934, between defendant Van Meter and plaintiff, and below their signatures, appear the words, "I hereby consent to the foregoing extension, but have no interest in the property. [Signed] George F. Harding"; that defendant Harding, for a valuable consideration, on September 22, 1921, and at various times thereafter, on dates to plaintiff unknown but well-known to defendants, to and including February 16, 1937, orally agreed with Van Meter that Harding would assume and agree to pay said principal note and all moneys secured to be paid by said mortgage deed, and caused to be paid to plaintiff on February 12, 1936, $100 by joint check of Harding and Van Meter, thereby reducing the amount of principal at that time to $722.52; that Harding on November 8, 1933, in accordance with the mortgage deed, caused the building on said real estate to be insured in his name as owner, against loss or damage by fire, and a policy of insurance to be issued for 5 years from November 8, 1933, with mortgage clause providing that loss or damage, if any, should be payable to plaintiff, and caused the policy to be delivered to plaintiff; that on February 14, 1936, the balance not having been paid, plaintiff filed its complaint in the superior court of Cook county, at law, against defendants, seeking to recover judgment for the amount then due upon the principal note; that after a long and vexatious contest by defendants, Harding, on February 16, 1937, paid the balance due on the note, with clerk's costs and sheriff's fees, a total of $801.96, and plaintiff canceled and surrendered the note to the attorney of record for Harding and caused the suit at law to be dismissed; that plaintiff was compelled to and did employ and retain attorneys to institute and prosecute the suit at law and at the conclusion thereof was compelled to and did pay as fees to the attorneys

therein $350, a fair and reasonable fee for such services, and not in excess of the usual and customary fees charged by attorneys at law practicing in Cook county for similar services to those so performed by plaintiff's said attorneys; that said Van Meter and Harding are liable to plaintiff for the payment of such money and the same is a lien upon said premises under the mortgage deed, with interest at 7 per cent per annum from date of payment of said attorney's fees; that before instituting the suit at law plaintiff urged defendants to pay the balance due on the principal note and avoid liability for said court costs and attorney's fees, and told them they would be liable therefor if the suit were instituted, and during the pendency of the suit at law urged defendants to cease their vexatious and dilatory defense and pay their obligations before the attorney's fees increased further in amount; that before filing the instant complaint plaintiff urged defendants to pay plaintiff the amount paid by it for said attorney's fees without further litigation, and thus save and avoid court costs and solicitors' and attorneys' fees in this suit; that defendants failed and refused to pay the $350 or any part thereof; that all said notes and coupons have been paid, canceled and surrendered; that plaintiff will be compelled to procure an abstract of title for use in this foreclosure proceeding and the expense thereof will be an additional lien under said mortgage; that plaintiff has been compelled to retain an attorney and solicitor for the purpose of instituting this proceeding and the proceedings joined therewith and has and will become obligated to its attorney and solicitor for payment of his fair and reasonable, usual and customary charges in conducting the same, and the indebtedness so incurred is and will be an additional lien upon the mortgaged premises under the mortgage deed, and plaintiff asks that the mortgage deed be decreed a first, valid and paramount lien

on said property, and that the amounts found due plaintiff upon such accounting be decreed to be a lien against the premises; that defendants be required to pay the same and in default thereof that the property be sold. The second count, described as a "Separate Action at Law," realleges the averments above set out and prays judgment against defendants for $350, with interest. Defendants filed a motion to dismiss, asserting that plaintiff's complaint is substantially insufficient in law and equity in that "(1) Plaintiff has not in said complaint made or stated such a cause of action as entitles it in a court of equity to any recovery or relief from or against defendants. (2) It appears by the complaint, Paragraphs 6 and 9, that all notes and coupons mentioned in the mortgage deed referred to in said complaint and mentioned in any extension agreement set forth therein, have been paid, cancelled and surrendered before the filing of plaintiff's complaint. (3) It appears by said mortgage deed that mortgagor is to be liable to mortgagee for attorneys' and solicitors' fees only in connection with foreclosure of said mortgage. (4) It appears by the complaint that plaintiffs commenced a suit at law in Superior Court of Cook County against defendants, seeking judgment for $722.50, the amount alleged to be then due on the principal note, which proceedings by stipulation were subsequently dismissed Feb. 16, 1937, said Van Meter having on that day paid the balance due, with clerk's costs and sheriff's fees, a total of $801.96, and thereupon said principal note was cancelled by plaintiff and delivered to defendants. (5) It appears by the complaint that no foreclosure proceedings were instituted and that said note and interest was fully paid, cancelled and surrendered before commencement of this action. (6) The payment, cancellation and surrender of said note extinguished the debt and discharged the entire lien of said mortgage deed, which

had expended its force before filing of complaint herein and the premises covered thereby were discharged therefrom, all of which precludes plaintiff from foreclosure of said mortgage deed. (7) As appears by the complaint, no foreclosure was necessary or instituted to collect the balance due on said note and said mortgage deed contains no agreement to pay any attorney's fee without foreclosure. (8) It appears by the complaint that neither of these defendants are indebted to plaintiff.'' Defendant Van Meter also filed a counterclaim in which he set up that on February 16, 1937, the amount of principal due on the note was paid and that plaintiff then and there canceled and surrendered the note to the attorney for defendant Van Meter; that the debt secured by the mortgage having been paid in full and the note having been canceled and delivered to said defendant, the latter demanded a release of the mortgage, which plaintiff refused to give, and defendant prays that the mortgage be delivered up to him for cancellation, that plaintiff be ordered to execute and deliver to said defendant a release of the mortgage, and that the mortgage be extinguished and the premises discharged from the lien thereof. No action was taken on the counterclaim and the same is still pending.

The first proposition urged by plaintiff is that the note and mortgage are to be construed and considered together. The rule is well established that where different instruments are executed as evidence of one transaction they are to be read together. The second point presented is that in the previous suit at law in the superior court the provision in the mortgage for payment of attorney's fees incurred in that suit could not have been enforced therein for the reason that such provision was not a part of the note and the fees were not incurred or paid until the suit was instituted. As authorities counsel cite *Dearlove v. Edwards,* 166

Ill. 619; *Easter v. Boyd,* 79 Ill. 325; *Nickerson v. Babcock,* 29 Ill. 497; *Anderson v. Terhune,* 206 Ill. App. 348; *Pitzer v. McCune,* 152 Ill. App. 144. An examination of the cases discloses that they support the contention advanced by plaintiff. Defendants do not call our attention to any cases to the contrary. While not raised by the parties, we invite attention to the provisions of section 39 of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 163; Jones Ill. Stats. Ann. 104.039] that, subject to rules, supplemental pleadings, setting up matters which have arisen after the original pleadings were filed, may be filed within a reasonable time by either party by leave of court and upon terms. Hence we are not called upon to decide as to whether under that section and with a factual situation similar to the instant case plaintiff would have a right to include a claim for attorneys' fees in a supplemental complaint. In any event it would appear that such a move would be optional on plaintiff's part.

Defendants urge, first, that the debt secured by the mortgage being the principal thing, and the mortgage being merely an incident thereto, when the debt is discharged the provisions of the mortgage lose their force and the entire lien of the mortgage is discharged; and, second, that provisions for attorneys' fees are to be strictly construed and such fees cannot be recovered unless so provided by the note or the mortgage deed. On the latter proposition, plaintiff, while agreeing that provisions for attorneys' fees are to be strictly construed, argues that the mortgage plainly provides for the payment of attorneys' fees. Plaintiff insists that defendants' liability to reimburse plaintiff for fees paid by it to its attorneys for their services in the former suit was created by contract. The mortgage provides that the mortgagor shall pay the fees, expenses and disbursements incurred or paid by the mortgagee, or its successors, in any suit or pro-

ceeding wherein the mortgagee, or its successors, as such, or as holder of said notes, or any of them, may be a party either as complainant, cross-complainant, plaintiff or defendant, and that such fees, etc., shall be an additional lien thereunder, ''and shall be included in any decree that may be rendered in such foreclosure proceeding, which proceeding, whether decree of sale shall have been entered or not, shall not be dismissed, nor release hereof given until all such fees, expenses and disbursements and the costs of suit, including attorney's and solicitor's fees, have been paid.'' Defendants assert that the debt having been paid, the mortgage, its incident, was extinguished. It must be borne in mind, however, that before the debt was paid it had become necessary (according to the complaint) for plaintiff to institute and prosecute an action against defendants and thereby to incur attorneys' fees. The fees thus incurred were paid after the termination of the law suit. In the cases of *Huber v. Brown,* 243 Ill. 274, and *Macaulay v. Dorian,* 317 Ill. 126, a provision such as the one in the case at bar was sustained as supporting a claim for fees incurred in a case other than the foreclosure case. The mortgage in the case at bar binds the mortgagor to pay attorneys' fees incurred or paid in a separate action and establishes a lien on the property to cover the same, and we see no reason why such lien cannot be enforced in a complaint to foreclose. Under the language of the mortgage a release of the lien may not be demanded until all the fees are paid. It would be unreasonable to insist that plaintiff could not assert his lien until the mortgagor demanded a release or brought a complaint seeking that relief. Indeed, the lien would be ineffective if it could not be enforced. At this juncture it is well to remember that upon default in the condition of the mortgage the mortgagee has several remedies which he may pursue to enforce the payment of his

debt. "He may sue the mortgagor in assumpsit for a judgment upon the personal obligation; he may sue in equity for the foreclosure of the mortgage; or he may recover the possession of the mortgaged property by an action of ejectment. These remedies are concurrent or successive, as the mortgagee may deem proper, and he may pursue any two or all three of the remedies simultaneously." (*Rohrer v. Deatherage*, 336 Ill. 450, 455.) The mortgage establishes the right of the mortgagee to reasonable attorneys' fees. The obligation to pay attorneys' fees in the action at law had arisen and most of the services had been rendered at the time the note was paid, canceled and surrendered and the action dismissed. We are required to assume that the allegations of fact contained in the complaint are true. While the complaint shows that the note was paid, canceled and surrendered and the case dismissed, it does not appear therefrom that any other obligation was discharged. The separate obligation on the part of the mortgagor to pay reasonable attorneys' fees which had been incurred, and which were actually paid at the conclusion of the action at law, remained alive.

Defendants allude to various matters in connection with the previous action at law, but such matters do not appear in the record or abstract and therefore cannot be considered. Defendants argue that plaintiff has put them to unnecessary expense. However, in support of that contention they cite matters that are not in the record. Whether the fees paid by plaintiff are reasonable, will be determined on a trial, and all pertinent and material matters may then be considered.

Defendants' brief, under the heading, "Statement of the Case," recites that the complaint charges defendant Harding with a promise to pay without alleging facts which support the allegation, and that a purely fictitious and guessed-at promise from Harding to Van Meter to pay the note is set up in both complaints.

The proposition is not discussed in the argument, and no authorities are cited by either side. The motion to dismiss does not specifically cover the point. Without having heard or read a discussion of the matter, we are of the opinion that there is an attempt to bind defendant Harding as surety. He did not sign the mortgage. His statement in the extension agreement of November 12, 1934, to the effect that he consents to the extension but that he has no interest in the property, does not impose an obligation on him to pay the debt of Van Meter. We do not believe that the allegations of the complaint set up a cause of action against defendant Harding.

For these reasons, the motion to dismiss, so far as defendant Van Meter is concerned, should have been overruled. While the motion is not as specific as it might be, we are satisfied that the complaint does not state a good cause of action as to Harding, and the motion to dismiss as to him was properly sustained.

The decree of the circuit court of Cook county dismissing the complaint is reversed as to defendant Van Meter and affirmed as to defendant Harding, and the cause is remanded with directions to the chancellor to overrule defendant Van Meter's motion to dismiss and rule defendant Van Meter to answer, and for further proceedings in accordance with this opinion.

*Decree reversed in part and affirmed in part, and cause remanded with directions.*

Friend, P. J., and John J. Sullivan, J., concur.