Kraus Bond and Mortgage Organization, Inc., Appel-
lee, v. Salvatore Vicari et al., Appellants.

Gen. No. 40,525.

Opinion filed April 26, 1939.

Louis T. Herzon, of Chicago, for appellants.

Love & Love, of Chicago, for appellee; Stuart N. Arkin, of Chicago, of counsel.

Mr. Justice Burke delivered the opinion of the court.

On January 7, 1930, the director of trade and commerce issued a license to Marek Kraus, doing business as Industrial Loan Service (not incorporated), to engage in the business of making loans in sums of $300 or less, secured or unsecured, at a greater rate of interest than 7 per cent per annum, in accordance with the Small Loans Act, ch. 74, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 67.01 *et seq.*], at 1726 West Chicago avenue, Chicago. On June 18, 1930, the licensee loaned defendants the sum of $200, and on that day defendants executed a combined promissory note and trust deed. This instrument is printed on one sheet. The first part conveys certain real estate in Chicago to Marek Kraus, as trustee. It recites that the grantors are indebted upon their principal promissory judgment note

of even date, payable to Marek Kraus, doing business as Industrial Loan Service, in the sum of $200, payable in weekly instalments of $4, with interest at 3½ per cent per month, payable weekly, on the entire balance, which from time to time remains unpaid, and that the payee is licensed by the State of Illinois to make loans in the sum of $300 or less at rates of interest not exceeding 3½ per cent per month. Following that recitation, appears a printed form of note of the same date, which reads: ''For value received we promise to pay Marek Kraus $200.00.'' The note then contains the usual form authorizing confession of judgment. The note is signed and sealed by defendants. Below their signatures appears the remainder of the printed form of the trust deed, which provides that grantors shall pay the taxes, etc. The defendants signed and acknowledged the note, which was recorded. The note is an integral part of the trust deed. It appears that Marek Kraus was also interested in a mortgage business, through the instrumentality of a corporation named the Kraus Bond & Mortgage Organization, Inc. The charter for that organization was issued by the Secretary of State on July 18, 1930, and was recorded in the recorder's office on July 19, 1930. On July 26, 1930, the director of trade and commerce issued a license to the corporation under the Small Loans Act. The certificate of incorporation shows that Marek Kraus subscribed for one share of stock, Walter Demkowski one share and Joseph C. Kraus for 498 shares of stock. The capital stock was paid in full in the medium of $1,000 in cash and $49,000 in property transferred to the corporation. The instrument constituting the combined mortgage and note was among the property turned over to the corporation as part of its capital. The note does not contain any indorsement by the payee, Marek Kraus.

On January 9, 1937, plaintiff filed its amended complaint in chancery, seeking a foreclosure of the lien of

the trust deed. The amended complaint asserted that there was a balance due on the principal of the trust deed and note of $68.18 and interest of $108.52, or a total of $176.70, and that plaintiff was the legal holder and owner of the joint trust deed and note, a copy of which was attached to the amended complaint. An answer was filed and the cause was referred to a master, who recommended a decree in accordance with the prayer of the amended complaint. Objections were filed and overruled, and the objections were permitted to stand as exceptions before the chancellor who overruled the same and entered the decree. At the master's sale, the property was bid in by plaintiff for $397.03. Defendants filed objections to the approval of the sale. The objections were supported by an affidavit by the attorney. Affiant stated that the premises are located at 4108 Carroll avenue, Chicago, improved with a two-story frame building containing two apartments of five rooms each, being used for residential purposes; that the premises are situated in a substantially built up residential district; that all general taxes and special assessments against the premises have been paid in full to date; that the premises are incumbered with a lien of a first mortgage securing an indebtedness of $1,000, leaving a balance due of $750; that "affiant has had considerable experience in determining the fair cash market value of properties of like nature in and about the location of the instant property"; that affiant personally saw and examined the property and states that the fair and reasonable cash market value is approximately $3,500, and that the equity is reasonably worth $2,750, and that the bid was grossly inadequate, unfair and unreasonable and entirely out of proportion to the fair, ordinary cash market value of the premises in question.

The first criticism leveled at the decree is that "a mortgage purporting to secure a note which does not exist cannot be foreclosed, even though an indebtedness

actually existed at the time it was executed, as the note evidencing the debt is the principal consideration and the mortgage but the incident.'' The mortgage and the note are one instrument and are construed together. There is no doubt that the loan of $200 was made to defendants and that they gave the note and mortgage to secure the payment of the same. The amended complaint seeks the foreclosure of the lien of the trust deed. While the note does not say anything about interest, the trust deed does provide for the payment of interest. If the note is disregarded, plaintiff may still sue to enforce all of the terms of the trust deed. However, an examination of the instrument shows that the note and mortgage are combined so as to form one.

The second point urged is that the allegations and proof must agree or no recovery can be had. It is obvious that the proof supports the allegations.

The third point argued is that ''a promissory note made payable to a person therein named cannot be transferred by mere delivery without endorsement so as to vest the legal title in the holder and give him the right to sue thereon in his own name.'' This is a complaint in equity to enforce the trust deed. The record shows that the combined note and mortgage was delivered to plaintiff with the intent of transferring title. Marek Kraus testified, without objection, that ''the Kraus Mortgage & Bond Organization took over all the assets whatever Marek Kraus had or possessed and all the securities and funds were assigned to the Kraus Mortgage & Bond Organization . . . for the stock which was given to Marek Kraus by the corporation.'' In view of the fact that defendants did not object to the introduction of the quoted testimony and that there is no evidence to the contrary, the master had a right to find that the combined mortgage and note of defendants was assigned to the corporation. The plaintiff, therefore, was in equity the holder and owner of the

instrument sued on. Here it may be of interest to note that we examined the objections to the master's report (which were permitted to stand as exceptions before the chancellor) and do not find that they raise the point urged, namely, that a promissory note made payable to a person therein named cannot be transferred by mere delivery without indorsement so as to vest the legal title in the holder and give him the right to sue thereon in his own name. The ninth exception approaches closest to the proposition. It reads: ''For that the Master further erred in failing to conclude from the evidence that Kraus Bond & Mortgage Organization, Inc., plaintiff in this cause is merely an assignee of Marek Kraus, and that as assignee it is not entitled to an interest rate exceeding the statutory seven (7) per cent per annum.'' This exception admits that plaintiff is at least an assignee, but maintains that as such assignee it cannot recover interest exceeding the rate of 7 per cent. Defendants do not in their exceptions make any point under section 22 of the Civil Practice Act (sec. 146, ch. 110, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.022]) that plaintiff in its pleading on oath (of an officer or agent) does not allege that it is the actual bona fide owner of the instrument sued on, and does not set forth how and when it acquired title thereto. The well established rule in this State is that a point not raised in the exceptions filed to the master's report is waived. (*Dreger v. Boyer*, 297 Ill. App. 581.)

Defendants maintain as a fourth point that one who takes notes without indorsements, takes them subject to the same defenses that they would have been subject to had they remained in the payee's hands. Plaintiffs concede the point. Defendants do not show how they are in any way harmed by the fact that the complaint is brought by plaintiff. The combined note and mortgage was offered in evidence and stamped as an exhibit

by the master. Therefore, it cannot hereafter be used in any way to the detriment of the defendants.

The fifth point advanced is that a license under the Small Loans Act must comply with the provisions of the statute regulating the business of making loans in order to avail himself of the special interest rate permitted by statute, otherwise the loan is usurious, illegal and void. Defendants cite what they say are six infractions of the Small Loans Act. We are satisfied that there was a substantial compliance with the act in the making of the loan.

The sixth point is that a license under the Small Loans Act approved June 14, 1917, and in force July 1, 1917, is not transferable or assignable, nor are the rights and privileges thereof assignable or transferable. Section 5, par. 23 of ch. 74, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 75.37(5)], provides that "the license shall not be transferable or assignable." Plaintiffs agree that such is the law. Defendants, however, insist that the license to plaintiff was not issued until July 26, 1930, whereas the transfer of the assets to the corporation occurred on July 18, 1930. They argue that at the time plaintiff acquired the instrument and until July 26, 1930, a period of eight days, plaintiff was without a license to transact a small loans business. At the time the loan was made, the lender, Marek Kraus, was licensed and during the time the payments on the loan were made, plaintiff was licensed. Hence, plaintiff and his predecessor had a right to demand and receive the 3½ per cent interest contracted for.

The seventh point presented is that a suit in foreclosure should be dismissed for want of equity where it appears that the indebtedness evidenced by the note secured by the mortgage has been fully paid and discharged. As a general rule, the statement is correct.

There are cases, however, where despite the payment of the note the mortgagor may still be required to fulfill the covenants of the mortgage, which was the situation in the case of *Washingtonian Home of Chicago v. Van Meter*, 297 Ill. App. 591. The point here urged is founded on defendants' argument that the collection of 3½ per cent per month constituted usury, and that therefore, the payments made both on principal and interest should be credited to principal. From our discussion of the proposition previously advanced, it follows that the decree is correct in finding that the defendants are indebted under the instrument in the sum therein stated. Finally defendants contend that the amount bid at the sale was inadequate and that the chancellor should have disapproved the sale. The burden is on defendants to establish that the sale price was so grossly inadequate as to require that it be disapproved. No evidence was presented. All that appears is an affidavit made by the attorney for defendants, and it does not appear that this affidavit was accepted as evidence. Assuming that we have a right to consider the affidavit, we observe that the age of the building is not given, the dimensions of the lot are not stated, the rentals not stated or the character of the tenants, or the amount of taxes usually assessed against the property; nor is the extent of depreciation given. The expense of operation is not stated. There is no statement as to how the building is heated, or the kind of plumbing, or how the flats are decorated. While affiant states as a conclusion that the cash market value of the equity is $2,750, no facts are given to show on what that opinion is based. He does not tell of sales of property in the vicinity within a reasonable time, and he does not attempt to give a value based on economic consideration. If he took the stand, he could be cross-examined on all these matters, and also on

his experience as a real estate appraiser. The record is barren of any evidence that would warrant us in saying that the sale price was so inadequate as to justify us in setting aside the order confirming the sale.

For the reasons stated, the decrees of the superior court of Cook county are affirmed.

*Decrees affirmed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.