GEORGE D. ARGUS, administrator, *vs.* IRENE A.
KOKKOROU & another.

Essex.    November 6, 1940. — February 24, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Executor and Administrator*, As debtor to estate, Accounts, Collection
   of assets.  *Interest.   Laches.*

A refusal to charge an administrator in his account as to a note found
   among the effects of the intestate and listed in the inventory as of
   no value was warranted where there was no evidence that its ap-
   praisal was not accurate.

One of two makers of a note payable to a decedent must be regarded in
   law as having paid it to the decedent's estate upon his appointment as
   administrator of the estate, and he was chargeable in his account as
   administrator with the full amount of the note and interest then due
   although it was listed in his inventory as of uncertain value and he
   never had been able to pay it, and was also chargeable from the time
   of his appointment with simple interest on such principal and interest.

The mere fact, that for a period of over ten years, during which an ad-
   ministrator had neither filed an inventory nor an account, next of
   kin had done nothing to hold him to accountability for an asset of
   the estate, did not warrant a finding that they were precluded, upon a
   hearing on an account filed by him, from insisting upon his being
   charged with interest on the amount of the asset for which he was
   held accountable.

PETITION, filed in the Probate Court for the county of
Essex on June 12, 1939, for allowance of the first account
of an administrator.

After a hearing by *Phelan*, J., a decree was entered from
which the widow of the intestate and Maryland Casualty
Company, the surety on the administrator's bond, appealed.

The case was submitted on briefs.

*J. I. Yoffa & A. M. Yoffa*, for the respondent Kokkorou.

*H. B. White*, for the respondent Maryland Casualty
Company, *& F. F. Meuse*, for the petitioner.

DOLAN, J.  This case comes before us upon the appeal of
the widow of Andritsos A. Cocorou[1] from a decree entered

---

[1] The appeal was filed under the name, Irene A. Kokkorou. — REPORTER.

in the Probate Court upon the first account of the administrator of the estate of the intestate, and upon the appeal of the surety company which is the surety upon the administrator's bond. (See *Murray* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 15, 17.) The evidence is reported in full, and the judge made a report of material facts under G. L. (Ter. Ed.) c. 215, § 11, at the request of the appellants. In accordance with the familiar rule, it is our duty to examine the evidence and to decide the case according to our own judgment, giving due weight to the findings of the judge which will not be reversed unless plainly wrong. *Boston* v. *Santosuosso*, 307 Mass. 302, 331–332. The only items in dispute are two notes which were payable to the deceased, one of which, for $1,000, is listed in schedule C of the account as of no value, the other, for $3,070, being listed therein as of uncertain value.

Material facts found by the judge follow: The accountant was appointed and qualified as administrator of the estate of the deceased on April 29, 1926. On June 22, 1936 (inadvertently stated in the findings of the judge as June 22, 1926), an inventory of the estate was filed setting forth, among other items of personal property, two notes as follows: "Note of James Chakriotos et al ($1000.00) — no value"; "Note of C. A. Young et al ($3070.00) — uncertain." Upon his appointment the accountant turned over to his counsel the note of Chakriotos and "left all the things to . . . [him] to do whatever was right." The accountant never received payment of this note, nor did he ever bring suit. He "acted with reasonable diligence in the attempted collection of this debt, and . . . he should not be charged therewith. On March 10, 1925, the administrator together with his then partner borrowed from the intestate the sum of $3070 and gave to the intestate a note as follows: 'March 10, 1925. 130 days after date we promise to pay to the order of Andrew Kokoras [*sic*] $3070.00. Payable at Boston, Mass. Value received. Due July 20, 1925. Signed C. A. Young  George D. Argus' The administrator has at no time since the date of the above note been able to repay the debt, but I find that he should

be charged therewith in Schedule A of said account making the total of said Schedule A $4,213.99. The heirs made no attempt to enforce payment of the note until the hearing on the administrator's account. I find that the heirs have been guilty of laches and are not entitled to interest on said note. I find that in Schedule C the balance with which the accountant is charged to be $2,339." Decree was entered accordingly.

Further material facts disclosed by the evidence are these: The deceased last dwelt in Lynn in this Commonwealth. He died on July 6, 1925, leaving as his heirs at law his widow and his mother, both of whom resided in Desfina, Greece. The accountant qualified as administrator on the date of his appointment by giving bond with the Maryland Casualty Company as surety. On the back of the bond is a statement signed by the administrator, setting forth that the estate and effects of the deceased did "not exceed the following-mentioned sums, viz.: Real Estate, None. Personal Estate, $3,000."

Sometime in 1936, upon petition of the surety on his bond, the accountant was ordered to file an inventory and account on or before June 22, 1936. On that date the inventory was filed showing no real estate and personal estate of $513.07, the two notes in question being listed, one as of no value and the other as of uncertain value. The account was not filed then, nor until June 12, 1939. Contempt proceedings had been brought against the accountant on March 4, 1937, by the surety company for failure to file an account as ordered. Notice of this proceeding was given by the accountant to his counsel, who told him he would look after it.

The appraiser is the present counsel for the widow of the deceased. He was not a witness at the trial. It was his duty under the provisions of G. L. (Ter. Ed.) c. 195, § 6, to appraise the list of assets submitted to him by the accountant, first being "sworn to the faithful performance of" his duty. In the absence of evidence to show the contrary it is to be assumed that he performed that duty after careful inquiry and investigation.

By G. L. (Ter. Ed.) c. 206, § 5, the accountant is required to account for the property at its appraised value, but he shall make no profit therefrom. The inventory is not, however, conclusive for or against the administrator, and any omission, error or erroneous statement may .be corrected on the accounting. *Dodge* v. *Lunt,* 181 Mass. 320. Under § 5 it is also provided that he shall not be accountable for a debt inventoried as due the estate if the court finds that it remains uncollected without his fault. All that is disclosed by the evidence bearing upon the history of the Chakriotos note (no reference is made in the evidence to any co-maker), is that the accountant had heard that Chakriotos borrowed $1,000 from the deceased in January, 1925. The accountant knew from what he heard that Chakriotos "owed a thousand dollars to the estate." The accountant never saw the "papers." He went with his counsel to the deceased's "vault." His counsel took all the papers. The accountant depended upon his counsel, saying "Whatever is right go ahead and do it." From that time until the account was filed the accountant never paid any more attention to it. The counsel in question had been the accountant's attorney for twenty to twenty-five years. He made out the inventory and the accountant relied on his judgment. There was no evidence to show that the appraisal of the note of Chakriotos as of no value was not in fact accurate. The action of the judge in refusing to charge the accountant with the Chakriotos note was required by the state of the evidence.

The action of the judge in charging the accountant with the principal sum of the note for $3,070 of which he was a co-maker was right so far as it went. The accountant testified that he and his partner Young did not pay the note because they were "broke." It is settled that "where a debtor is appointed executor or administrator of his creditor he must account for his obligation as a cash asset of the estate and that the debt is discharged by the appointment." *King* v. *Murray,* 286 Mass. 492, 495, and cases cited. Nothing in the record makes it appear that the rule of constructive payment would work substantial injustice in the present

case. See *Pettee* v. *Peppard*, 120 Mass. 522; *Kinney* v. *Ensign*, 18 Pick. 232. It follows that in the instant case the accountant was properly charged with the principal sum of his debt to the estate of the deceased.

The question remains whether it was error for the judge to refuse to charge the accountant with interest on the note of which he was co-maker. The judge based his refusal so to do upon the fact that the heirs of the deceased made no attempt to enforce payment of the note until the hearing on the account, and that they were guilty of laches.

We are of opinion that the finding of the judge, that the heirs of the deceased were guilty of laches because they made no attempt to enforce payment of the note of which the accountant was a co-maker until the hearing on the account, was erroneous as matter of law. The duty of accounting for the assets of the estate of the deceased is placed upon the accountant by G. L. (Ter. Ed.) c. 206, § 1, and by the conditions of his bond under G. L. (Ter. Ed.) c. 205, § 1 (2), Third. He was properly cited to account even after ten years from the date of his appointment. *White* v. *Swain*, 3 Pick. 365. *Prescott* v. *Read*, 8 Cush. 365. See *Thayer* v. *Keyes*, 136 Mass. 104, 107. No duty rested upon the heirs to bring proceedings to compel him to conform to the mandates of the statutes. The lapse of time during which he failed to do so does not constitute a bar to the rights of the heirs. We have examined all the cases cited by the accountant and his surety in support of their contention that the heirs of the deceased were guilty of laches. The only cases thus cited which arose upon probate accountings are *Forward* v. *Forward*, 6 Allen, 494, and *O'Shea* v. *Barry*, 252 Mass. 510. The laches found by the court occurred in the *Forward* case after the executor's account was filed, and in the *O'Shea* case after the executor's account was filed and a master to whom the account had been referred had filed his report thereon. In the present case the respondent widow of the deceased appeared and prosecuted her objections to the account promptly after receiving notice of its pendency. The other cases cited by the accountant and his surety bearing on the question of

laches did not arise on probate accountings and are not in point. The doctrine of laches has no application to the' case at bar.

In the eye of the law, since his appointment the accountant has had the benefit of the sum of money equal to his debt, which must be regarded as paid by him at the date of his appointment. We are of opinion that he should be charged not only with the principal sum of the note in question, as decreed by the judge, but also with simple interest thereon at six per cent from July 20, 1925, the due date of the note, to the date of his appointment, and thereafter with simple interest at the same rate on the sum of the principal and that interest to the date of entry of final decree after rescript. See *Greenleaf* v. *Kellogg*, 2 Mass. 568; *Wood* v. *Corl*, 4 Met. 203, 204, 206; *Ayer* v. *Tilden*, 15 Gray, 178, 183; *Hall* v. *Foster*, 114 Mass. 18, 19. See also *Paul Revere Trust Co.* v. *Castle*, 231 Mass. 129, 132; *Ratner* v. *Hill*, 270 Mass. 249, 253; *Nesbit* v. *MacDonald*, 203 Cal. 219, 222; *Anderson* v. *Terhune*, 206 Ill. App. 348, 349; *Grennon* v. *Kramer*, 111 N. J. Eq. 337, 341; *Star Stationery Co.* v. *Rogers*, 88 Fed. (2d) 482; Sutherland, Damages (4th ed.) §§ 329, 383, 557; Sedgwick, Damages (9th ed.) §§ 301, 302, and cases cited. Since there is no evidence to warrant a finding that his breach of duty was wilful, we think that he should not be charged with compound interest. See *White* v. *Ditson*, 140 Mass. 351.

The decree entered in the Probate Court is to be modified by charging the accountant in schedule A with interest as aforesaid to the date of final decree after rescript, and by amending schedule C to conform; and as so modified it is

*Affirmed.*