JACOB BANCROFT *vs.* ALFRED A. ANDREWS.

The balance of a claim against the estate of a deceased insolvent person, on which a dividend has been paid, is not within the statute of limitations. (Rev. Sts. c. 120, § 7.)

Administration *de bonis non* may be granted after the expiration of twenty years from the death of the former administrator.

By the statute of 1784, *c.* 2, the administrator of an insolvent estate could not, under a general license to sell real estate, sell the reversion of land assigned to the widow as dower. Otherwise, it seems, since the revised statutes.

A purchaser of the reversionary interest in land of a deceased insolvent person, assigned to his widow as dower, may appeal from a decree of the judge of probate appointing an administrator *de bonis non.*

THE facts of this case fully appear in the opinion of the court, delivered by

METCALF, J. This is an appeal from a decree of the judge of probate, appointing the appellee administrator *de bonis non* of Joseph Francis. The facts that have been laid before us, by the parties, are these : —

Joseph Francis died intestate, in 1812, and William Dodd was appointed administrator of his estate, which was duly represented to be insolvent. The claims of creditors against the estate were proved and allowed, according to law, to the amount of about seven thousand dollars; the estate proved to be insolvent; and the judge of probate made a decree for the

distribution of the intestate's effects among the creditors whose claims had been proved and allowed. Under this decree, the creditors received less than one eighth of said claims, namely, only twelve cents on a dollar.

At the March term of this court, in 1813, Dodd, the administrator, obtained a license to sell, for the payment of the intestate's debts and the charges of administration, so much of the intestate's real estate as should produce fourteen thousand dollars. He thereupon sold to the intestate's widow, Mary Francis, a parcel of land and a building thereon, in which dower had previously been assigned to her; and in the deed of conveyance to her described the land as bounded on land set off to her as her dower, and as being subject to a mortgage, made by the intestate, in September, 1809, to Benjamin Goodwin, conditioned for the payment of six hundred dollars and interest.

In 1824, Dodd, the administrator, died. In 1843, Mary Francis, the intestate's widow, and his heirs, gave to the appellant a quitclaim deed of the premises assigned to her as dower, therein declaring their intention " to convey the said Mary Francis's life estate and the reversion belonging to the heirs of said deceased." In May, 1848, after the decease of the said widow, the decree was passed, from which this appeal was taken.

Upon these facts, the appellant contends that administration *de bonis non* cannot legally be granted in this case; and he relies upon the provisions of the Rev. Sts. *c.* 64, § 14, which are as follows : " When any sole executor or administrator shall die without having fully administered the estate, the judge of probate shall grant letters of administration, with the will annexed, or otherwise, as the case may require, to some suitable person, to administer the goods and estate of the deceased, not already administered; provided there be personal estate of the deceased, not administered, to the amount of twenty dollars, or debts to the like amount remaining due from the estate." Similar provisions have been in force here, ever since the passing of *St.* 1723. Anc. Chart. 434; *Sts.* 1783, *c.* 36, § 10, and 1817, *c.* 190, § 17.

It is immaterial whether there is any personal estate, not

administered, if there are debts to the amount of twenty dollars remaining due from the estate. And we must presume, in the absence of evidence to the contrary, that the balance of the intestate's debts, proved and allowed, after deducting the amount (twelve per cent) decreed to be distributed among the creditors, is still due from the estate; to wit, several thousand dollars. Indeed, the appellant's counsel does not deny that this balance remains unpaid, but he denies that it remains due; contending that it is barred by the statute of limitations, (Rev. Sts. *c.* 120, § 7,) as more than twenty years have elapsed since the death of the original administrator. That statute, how ever, bars nothing but actions at law. See *White* v. *Swain,* 3 Pick. 365. Another statute (Rev. Sts. *c.* 64, § 13,) prohibits the granting of original administration more than twenty years after the death of the testator or intestate; but no statute limits the time of granting administration on estate not administered by a former administrator or executor. And in *Kempton* v. *Swift,* 2 Met. 70, a second administration was granted more than thirty years after the first.

It was argued for the appellant, that Dodd, the original administrator, sold the reversion, and therefore that it cannot now be taken by an administrator *de bonis non,* and sold for the payment of the intestate's debts, if any remain unpaid. But it is clear, from the terms of Dodd's deed to the widow, that the reversion was not conveyed to her. Besides; by *St.* 1784, *c.* 2, which was in force when the license for the sale was granted to Dodd, and when the sale was made, the administrator of an insolvent estate could not sell such reversion, unless he made special application for a license so to do, and obtained a special license for that purpose; and if such license was not granted, upon such application, the reversion was to be sold, at the expiration of the widow's term, and the proceeds distributed with the other estate of the deceased. Under that statute, a license (granted upon a general application of an administrator of an insolvent estate) to sell " the whole of the deceased's real estate, for the payment of his debts," did not authorize the sale of the reversion in the estate assigned to the widow as dower. *Kempton* v. *Swift.*

before cited. Upon looking at Dodd's petition for license to sell his intestate's real estate, and at the license granted to him, we find no mention, in either, of the dower estate; so that he had no authority to sell it. And, as already stated, his deed, made after the sale, shows that he did not. attempt to sell it.

The provisions of *St.* 1784, *c.* 2, obviously rendered it proper and necessary, in cases of insolvent estates, to grant administration *de bonis non*, if the original administrator were not living, upon the decease of the widow, however long she might live, provided the reversion was not sold, upon special application and license. That statute was repealed in 1836, (Rev. Sts. p. 814,) and its provisions have not been reënacted. At the present time, therefore, probably a license to sell the whole of the real estate of a deceased insolvent person would authorize the sale of a reversion expectant on the determination of his widow's estate in dower. Such was the law, before the passing of *St.* 1784; as appears by the case of *Leverett* v. *Armstrong*, 15 Mass. 26. On examining the records in that case, it is found that the license was granted in May, 1784, a few weeks before that statute was passed. But the repeal of ·that statute did not affect the right of Joseph Francis's creditors, accruing, accrued, or established, before that repeal took effect. Rev. Sts. *c.* 146, § 5.

The appellee denied the right of the appellant to appeal in this case. But as the appellant has taken a deed, from the widow and heirs of the intestate, of the reversion which the creditors seek to apply towards payment of the balance due to them, we are of opinion that he has sufficient interest in the question of an appointment of an administrator *de bonis non*, to appeal from the decree appointing him.

*Decree of the judge of probate affirmed.*

*J. Field*, for the appellant.

*C. P. Curtis, Jr.*, for the appellee.