ISAAC AMES, Judge of Probate, *vs.* ABRAHAM JACKSON & others.

SAME *vs.* LUCIUS SLADE & others.

Suffolk.    March 13. — September 4, 1874.    COLT & ENDICOTT, JJ., absent.

An administrator who, by verbal agreements with the creditors of an estate, has induced them not to commence actions against the estate within the two years allowed by the Gen. Sts. c. 97, § 5, cannot be required to set up the defence of the statute of frauds in personal actions against himself upon his promises, for the benefit of the next of kin of the intestate.

Payments made by an administrator after the expiration of two years from the date of his appointment, in pursuance of promises, made upon valid considerations, within said two years, should be allowed him, and may be charged against personal assets in his hands, at any time before the settlement of his final account.

TWO ACTIONS of contract in the name of the judge of probate for the county of Suffolk on behalf of the widow and next of kin of Thomas L. D. Perkins, on two several bonds given by Abraham Jackson and Lucius Slade respectively, who were joint administrators of the estate of said Perkins. The breach alleged was failure to account. Judgment was entered in each case for the penalty of the bond.

At the trial in this court before *Wells,* J., the case was reserved for the consideration of the full court upon a report in substance as follows : The case had been sent to an auditor to determine for what amount execution should be awarded. The auditor reported among other things that the defendants were not entitled to be allowed for the payment of debts of the estate after the expiration of two years from the time of their appointment. The case was then recommitted to a master to report specially what sums, if any, paid by the defendants, were paid in pursuance of any understanding or promise entered into or made by them before the expiration of two years from the time of their giving bonds. The master reported that prior to the expiration of said two years, the defendants agreed orally with certain creditors, that if their claims should not be sued, nor the estate represented insolvent, the defendants would pay a percentage agreed upon, and that in pursuance of said promise the claims were paid after the expiration of the two years. No exceptions were taken to the master's report.

The plaintiff objected to the allowance of these payments by the administrators.

The presiding judge ruled that payments so made in good faith might be charged and allowed to the administrators against personal assets in their hands, at any time before the final settlement of their accounts, and ordered the payments in question to be so allowed, and awarded execution for the sum found due after said allowance, which sum included interest since the expiration of two years.

If payments made as above stated cannot properly be allowed, the award is to be enlarged by the amount of such payments as reported by the master; otherwise it is to stand as ordered.

*A. R. Brown,* for the plaintiff.

*A. Jackson,* for the defendants.

WELLS, J.   The statute limiting actions against executors and administrators. Gen. Sts. *c.* 97, § 5, is obligatory upon the execu-tor and administrator as well as upon the creditor ; and cannot be waived.   If the executor or administrator neglects to plead the statute, and thereby judgment is recovered in an action brought after the debt is legally barred ; or if he voluntarily pays the debt, it is held to be in his own wrong, and he cannot claim to be reimbursed from the estate.   But this limitation is not directly applicable to claims due to the executor or administrator himself, whether for debts originally held by him against his testator or intestate, or arising from advances made or expenses incurred on account of the estate, in the course of administration. Such claims may be charged against personal assets in his hands at any time before the settlement of his final account. *Dickinson* v. *Arms,* 8 Pick. 394. *Forward* v. *Forward,* 6 Allen, 494. *Mun-roe* v. *Holmes,* 13 Allen, 109.

He is invested with the title to the personal assets, and is ac-countable for the full appraised value of that which has been ap-praised, and for whatever amounts he does or ought to receive or collect beyond that.   Against this liability his own claims may be offset, whenever he accounts.   If they arise from advances made upon liabilities assumed by him, his right to charge them in his account must depend upon the question whether, at the time they were so assumed, it was properly done in the perform-ance of his duties of administration.   If his claim is for the pay-ment of debts, the question is whether the debts were settled by him, and discharged as against the estate, before they were barred by the statute ; and not whether he made a specific appropriation of any part of the assets in his hands, or paid out his own money to the creditor within the period of limitation.   It often occurs that the personal assets are not fully available until after two years have elapsed.   The administrator must provide for the debts meanwhile, or the estate be subjected to the expense of numerous suits.   If the estate is solvent, he may properly and safely advance his own money, or secure the settlement of the debts by giving his own personal obligation or assurance for their payment.   This is often necessary in order to protect the real estate from sale or levy on execution, or to avoid proceedings of insolvency.

In such case, if there should ultimately prove to be a deficiency of personal assets for his full indemnity, and there has been no culpable neglect on his part in collecting and converting the assets, or in settling his account, he may be allowed, even after the expiration of two years, to sell real estate for repayment of the balance due to him upon settlement of his account; provided the real estate remains unsold and undivided; or if there has been no unreasonable delay in applying for a license, after the extent of the deficiency became known. *Richmond, Petitioner*, 2 Pick. 567. *Palmer* v. *Palmer*, 13 Gray, 326. *Munroe* v. *Holmes*, 13 Allen, 109. The lien of creditors is discharged at the end of two years, unless suit is brought; and a sale of land for payment of debts then outstanding is held to be absolutely void, though made under license from the Probate Court. *Thompson* v. *Brown*, 16 Mass. 172. *Heath* v. *Wells*, 5 Pick. 140. *Lamson* v. *Schutt*, 4 Allen, 359. *Tarbell* v. *Packer*, 106 Mass. 347.

But the right of an administrator to have the real estate converted into assets to satisfy his claims upon the estate is not so barred. His right is always determined upon equitable considerations; having in view, indeed, the limitation upon suits by creditors, not as a bar against his claim, but as indicating a purpose of the statute that the final settlement of the estate should be as speedy as practicable. Whenever such an application by him is refused, it is on the ground of culpable neglect in the settlement of the estate, or of unreasonable delay in making the application, or of some degree of either coupled with a division or conveyance of the land by the heirs, or other change in its condition. *Allen, Petitioner*, 15 Mass. 58. *Richmond, Petitioner, Palmer* v. *Palmer*, and *Munroe* v. *Holmes, supra.*

If he has been guilty in this respect, a license may be refused to him, even though the lien of creditors remains undischarged by reason of his omission to give the required notice of appointment. *Scott* v. *Hancock*, 13 Mass. 162.

The administrators in this case do not stand upon the rights of the creditors. Their claim is not for the payment of debts barred at law, but for reimbursement on account of debts against the estate adjusted and settled by them within the period of limitation. By their arrangement with the creditors the estate was to be wholly discharged from the debts; in consideration whereof

the defendants gave their promise, not in their capacity as ad ministrators, but personally, to pay a certain sum to each, pro• portional to the amount of their respective claims. The arrange• ment was subject to a contingency, necessary for its success, that suits should not be brought within the two years so as to render proceedings in insolvency necessary. When that period expired and all debts were barred by the statute, the promise of the defendants became absolute. No action could have been sustained upon it against them as administrators, even if the statute bar were not pleaded. To an action against them personally the statute limitation would have been no defence. There was a valid consideration, and they could only resist payment by setting up the statute of frauds. This no man is bound to do, at the requirement or for the benefit of another, in a personal action against himself upon a claim the obligation of which he recognizes as founded in good faith and right. *Cahill* v. *Bigelow*, 18 Pick. 369. Browne on St. Frauds, §§ 128, 130, 135.

If the defendants had taken written discharges of these debts, expressing the condition making them void in case suits should be commenced or proceedings in insolvency take place within the two years, there can be no doubt that the consideration for such discharges, whether in money at the time or in notes or oral promises subsequently met, would be properly chargeable in their account. Such a settlement differs from this only in the absence of the writings. The lapse of the period of limitation would be necessary to perfect the discharge in either case.

The date at which the charges were actually made is of no importance; nor is the date of the actual payment of the money in fulfilment of the previous personal engagements of the defendants. Those engagements having been given and accepted in satisfaction of the claims of the creditors against the estate, the defendants are entitled to be indemnified therefor out of the assets in their hands.

In *Dickinson* v. *Arms*, 8 Pick. 394, the accountant charged the estate, of which he was administrator, with an amount as paid upon a note at a date more than four years from the notice of his appointment, including interest to that date. The note was due to another estate, of which he was also administrator. No other facts appear, except that the estate was solvent. The court held

that as he was responsible for the amount of the note in his capacity as administrator of the other estate, " he had a right to appropriate so much of the funds as would pay this note, the moment they came into his hands. And the law presumes that it was so appropriated; for he could not sue himself." His neglect to make the appropriation, and his claim of interest for the delay, were not allowed to deprive him of his indemnity. The claim of interest only was rejected.

In *Forward* v. *Forward*, 6 Allen, 494, 498, objection was made by legatees " that no allowance should be made to the executors for debts paid by them after the lapse of four years from the date of their bond." The executors had given no valid notice of their appointment. It was declared, in the opinion of the court, that " If it could be seen that, by the payment of debts after the executors ought to have been able to defend against them, the damage to the legatees was equal to the amount of the payments, there would be a strong reason for disallowing the payments." But as that did not appear, and would not follow as of course in the case of legatees, the objection did not prevail. The court however, proceed further to say : " The objection does not apply to the payment of partnership debts; for, as they become the debts of the surviving partner at the decease of the testator, he might pay them at any time before rendering his account in the Probate Court. The limitation of four years does not affect them." The executor had been partner with his testator. He paid partnership debts long after they ought to have been barred as claims against the estate. It was held that he might properly do so because of his own liability for the same debts; and that the statute did not apply to his claim for reimbursement of the share of such debts due to him from the estate which he administered as executor. It was not a payment in his own wrong, because of his original joint liability and consequent right of contribution. So the payment in *Dickinson* v. *Arms* was not a payment by the administrator in his own wrong, because of the liability to the creditor estate which he assumed by becoming administrator thereof. In this case the payments by the administrators were not in their own wrong, because of the liabilities they assumed in the adjustment of debts due from the estate within the two years from their appointment. The question turns upon

the propriety and validity of the adjustment at the time it was made, and not upon the time when the money was paid in pursuance of the liabilities then assumed.

This arrangement was not for the postponement of the claims, but for their discharge; not to waive or evade the statute of limitations, but to resort· to and apply it as the most effectual means to secure a complete discharge of the estate from all claims; not to delay the settlement and distribution of the estate, to the disappointment of the expectations of the next of kin, but to secure a more certain and larger surplus, and avoid delays from suits at law and proceedings of insolvency.

The administrators are entitled to charge the estate in their hands with the amounts required to satisfy the liabilities which they thus incurred in the proper and reasonable adjustments adopted for its settlement.

Execution is therefore to be awarded in accordance with the order of the single justice who heard the case at nisi prius.