GEORGE HARWOOD vs. INHABITANTS OF NORTH BROOK-
FIELD.

Worcester.   Oct. 8, 1880. — April 5, 1881.   COLT, MORTON & FIELD, JJ.,
absent.

The tax, authorized by the St. of 1868, c. 320, as amended by the St. of 1873,
c. 272, to be assessed upon the property of any person to a certain amount
and liable to taxation, discovered by the assessors, after their warrant has been
committed to the collector, to have been omitted from the last annual assess-
ment, is not a new tax, but an amendment of the annual assessment; and it is
immaterial that a person, who has not furnished the assessors with a list of his
taxable property, is not the actual owner of property so assessed to him.

CONTRACT to recover $250, the amount of a tax assessed by
the defendant town upon personal property of the plaintiff, and
paid by him under protest.

At the trial in the Superior Court, before *Wilkinson*, J., with-
out a jury, the plaintiff offered evidence tending to show that,
in the year 1878, he was an inhabitant of the defendant town,
and taxable therein for real and personal estate; that he did not
file with its assessors a list subscribed by him of his estate liable
to taxation, although such list was required by the assessors
under the Gen. Sts. c. 11, §§ 22, 23; that the amount of his tax
for that year was estimated by the assessors, assessed by them
and committed with their warrant to the collector; that subse-
quently, and prior to September 15, 1878, a further assessment
upon the plaintiff of $250 was made by the assessors for alleged
personal property, exceeding in amount $100, by them discov-
ered after issuing the warrant and omitted therefrom, and that
amount was entered in the collector's list, and collected of the
plaintiff by compulsion of law, and paid into the defendant's
treasury; and that said personal property was never in fact
owned by him, or subject to taxation as his property.

But the judge excluded the evidence offered, and ordered
judgment for the defendant.   The plaintiff alleged exceptions.

*G. F. Hoar & R. Hoar*, for the plaintiff.

*W. S. B. Hopkins*, for the defendant.

LORD, J.   The general rules of law in relation to taxation in
this Commonwealth are substantially prescribed by statute, and

judicial decisions upon such statutes have been so frequent that it rarely now happens that any new question arises upon them. In the case at bar, there is no difference between the counsel except upon the construction of the St. of 1868, c. 320, as amended by the St. of 1873, c. 272. That statute, so amended, is as follows:

" Section 1. When the assessors of any city or town, after the time when their warrant has been committed to the collector of taxes, shall discover that the real or personal estate of any person, to an amount not less than one hundred dollars, and liable to taxation, has been omitted from the last annual assessment of taxes in such city or town, said assessors shall proceed forthwith to assess such person for such estate in like manner as he should have been assessed in such last annual assessment. The taxes so assessed shall be entered in the tax list of the collector of the city or town, and he shall collect and pay over the same in the manner specified in his warrant: provided that such tax shall not be assessed after the fifteenth day of September for any such omission.

" Section 2. No tax of any city or town shall be invalidated by reason that, in consequence of the provisions of this act, the whole amount of the taxes assessed in such city or town shall exceed the amount authorized by law to be raised."

The claim of the plaintiff is, that this is a new tax, and that, in order to constitute it a legal tax, the assessors must in fact find property of the party taxed; that the rule of law well established in relation to the overvaluation or overtaxation of a party liable to taxation on the first of May has no application to a tax of this kind; that the taxation made as of the first of May was the execution of a duty upon the part of the assessors, and in the performance of that duty they might assess to a person assessable not only all the property which they know him to be possessed of, but they might add to that any amount they pleased, restrained only by their official oath, for which assessment, however extravagant or even unconscionable, the assessed party has no remedy except an application for abatement; that the assessors being vested with this great power and having once exercised it, they have done their work and have no power to alter or amend it; that the only contingency upon which they

are authorized to tax for anything other than they have already assessed is the discovery of property owned by a party of which the assessors were ignorant at the time of the assessment; that their right to act depends upon the existence of the fact that he is the owner of that property; and that, such ownership being a condition precedent to the right of the assessors to act at all, their whole proceeding in reference to the taxation was without authority and merely void, and so, the town having received his money without right, he may recover it back in an action of money had and received.

Upon the other hand, the defendant contends that this constitutes no new tax; that, although the annual tax is assessed as of the first of May, the assessment cannot be made and completed upon that day, and the assessors are not only authorized, but it is their duty, to continue the laying of the assessment until they have completed it, and that until it is thus completed it is their duty to continue to add to each man's list of property any new property which shall be discovered; and that this was not only the practical mode in which taxes have been laid, but that it is the only practicable mode, and that the list was never deemed a completed list until it was made out and delivered to the collector for collection; and that if at any time before it was thus completed and delivered to the collector an addition was made to the list of property taxable to a particular person, such property was deemed to be a part of the original taxation, and all the rules in relation to the assessment of taxes were as applicable to that particular item of property as to any other; that it was simply incorporated into and became parcel of the tax of the first of May; that the statute prescribed no time except " a reasonable time," Gen. Sts. *c.* 11, § 38, within which such list should be completed and delivered to the collector; that in point of fact the time within which such list was completed varied in the different towns, and thus there was no uniformity of time within which tax lists were to be completed in the various parts of the Commonwealth; that the statute authorizing the assessment of newly discovered property does not authorize the assessment of another or a new tax, but is merely an extension of the time within which the tax list must be completed; and that extension was to a day certain, to wit, the fifteenth day of

September, and the same throughout the Commonwealth; that it was simply a provision that the assessors might continue their investigations and their work of assessment up to the fifteenth day of September, even although before that time the tax list should have been committed to the collector; and that the assessment thus amended was to be deemed to be the annual assessment for the year upon the estate of the party assessed, whenever or however that estate shall have been discovered, and at whatever time it shall have been incorporated into and made parcel of the valuation of that tax-payer's estate for that year.

The question which is raised by this bill of exceptions is, Which of these is the true, or the substantially true, construction of the statute? We think the latter view is the more consistent with the general scope of legislation upon the subject, and more in accordance with the habits and traditions of the people. We have been accustomed to but a single tax in a year, for governmental and municipal purposes. That tax has been so far as possible an equal tax upon all the citizens of the Commonwealth liable to taxation. We have known no such thing as the taxation of different individuals at different times, or of the same individuals at different times, for the same purpose. In order to authorize so great a departure from the fundamental principles of our institutions, we should expect to find decisive language in the statute requiring it. Upon examining the statute, however, we do not think its language would require, or even justify, such a change. It is apparent that the assessment is the annual assessment of that year; that the tax of the tax-payer is but a single tax, and a single assessment, and that in no other view can this language of the statute have reasonable meaning: "No tax of any city or town shall be invalidated by reason that, in consequence of the provisions of this act, the whole amount of the taxes assessed in such city or town shall exceed the amount authorized." It would seem to be, from this language, certain that this addition is a portion of the annual valuation and assessment, and is in no sense a new or additional assessment. It is simply the correction of a mistake in the taxation, which the statute authorizes to be made, at any time before the fifteenth of September, instead of limiting the correction of mistakes, as previously, to the time when the list should be

committed to the collector. In this view, treating it as but one valuation and but one tax, the general principle conclusively established, that any person subject to taxation who does not furnish the list required by law has no remedy for overvaluation or overtaxation except by application for abatement, applies to it, and is conclusive against the plaintiff's right to recover.

The claim of the plaintiff that there must in fact be property of the plaintiff found, as a condition precedent to the addition of it to the tax, is rather specious than sound. It is based wholly upon the theory that it is a new and independent tax, and upon the further assumption that, if thus a new and independent tax, the plaintiff was not a taxable citizen; for if taxable for any property, he is liable for all for which he may be assessed, whether he owns any of it or not. The fact that the statute makes this a part of his original assessment, and the fact that he was liable to taxation for some property in that assessment, bring the case within the rule of overvaluation. It will very rarely happen that a person's property will be overvalued except by the assessment to the party of property not owned by him. Overvaluation in respect to taxation is not limited to an excessive value of specific articles of property, but includes the valuation of property not owned or possessed by the party taxed; and this meaning is universally understood. Critically, the same specious meaning could be attached to the general assessment of all taxes. The general duty of the assessors, when no list is furnished, is to " ascertain as nearly as possible the particulars of the personal estate in possession of any person who has not brought in such list, and make an estimate thereof at its just value." Gen. Sts. *c.* 11, § 27. This language would just as decisively indicate, as a condition precedent to its taxation, the ownership or possession of property of the tax-payer liable to taxation. But such is not its meaning. The true meaning of the statute is, that, if a person liable to taxation does not furnish the assessors with a list of his taxable property, he shall be liable to be assessed for such property as in the judgment of the assessors he owns or possesses ; and there is no reason why the same rule should not apply to property which the assessors in the exercise of their official discretion shall deem to be newly discovered property. It was upon the ground that

the question whether the plaintiff actually owned the property for which he was assessed was an immaterial one, that the presiding justice rejected the evidence tendered. It was rightly rejected by him; and the exceptions of the plaintiff to its rejection must, therefore, be                                   *Overruled.*