HAROLD C. BARTLETT *vs.* MARGARET K. TUFTS.

Suffolk.    November 28, 1921. — March 7, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Limitations, Statute of.    Tax,* Collection from executor. *Executor and Administrator.    Pleading, Civil,* Answer. *Practice, Civil,* Statement of agreed facts, Waiver of defect in pleading.

After a tax, levied under St. 1909, c. 490, Part I, § 85, as amended by St. 1911, c. 89, in December, 1916, after the death testate in May of the owner of the property, upon property which had been omitted from the annual assessment, had remained unpaid for three months following its commitment to the col-

lector for collection, the collector had the remedial rights of a creditor of the executor under Part II, § 34, of the statute, and, upon his failing to institute the proceedings provided by § 33 for more than one year after the executor of the will of the decedent, who had given due notice of his appointment, had qualified by the giving and approval of his bond as executor, the action was barred by R. L. c. 141, § 9, as amended by St. 1914, c. 699, § 3.

Where an action by a collector of taxes against the executor of a will for the collection of a tax assessed upon the estate of the testator as of a date previous to his death is submitted for determination by a judge without a jury upon a statement of agreed facts, the defence of the special statute of limitations is open to the defendant although it is not set up in the answer, all questions of pleading being waived by such submission.

CONTRACT against the executor of the will of Henry P. Tufts, late of Winthrop, individually, for the collection of a tax assessed for the year 1916. Writ dated April 4, 1919.

In the Superior Court, the action was heard by *Morton, J.,* without a jury, upon a "statement of agreed facts." Material facts so agreed to are described in the opinion. The judge found for the plaintiff on the statement of agreed facts and assessed damages in the sum of $477.90, and judgment was entered accordingly. The defendant appealed.

*R. E. Evans,* for the defendant.

*L. C. Guptill,* for the plaintiff.

BRALEY, J. We assume that before laying the assessment the assessors complied with the requirements of St. 1909, c. 490, Part I, § 41, by seasonably giving notice "to all persons, firms and corporations, domestic or foreign, subject to taxation" in the town to bring in to the assessors "before a date therein specified, in case of residents a true list of all their polls and personal estate" in that town "not exempt from taxation." The defendant's testator, a resident of the town who died on May 15, 1916, made no return of his taxable property, and was assessed as of April 1, 1916, for a poll tax and a tax on real property which after demand was paid by the executrix on October 11, 1916. St. 1909, c. 490, Part II, § 34. But, the inventory filed in the court of probate having disclosed certain personal property which had been omitted from the annual assessment, the assessors, acting under St. 1909, c. 490, Part I, § 85, as amended by St. 1911, c. 89, levied on December 20, 1916, a tax on this property, to recover the amount of which this action is brought. The testator doubtless was liable to be taxed for the money on deposit, and on the jewelry, although his interest

in a partnership outside of, and without a place of business in the town, was not taxable. St. 1909, c. 490, Part I, § 4, cl. 1; § 27. The tax however is not to be regarded as a separate tax. It is part of the original tax levied as of April 1, 1916, when the testator was living, the items of which were then unknown to the assessors. *Harwood* v. *North Brookfield,* 130 Mass. 561, 565. It was property assessable to Henry P. Tufts and could not lawfully have been assessed to his estate. *Noyes* v. *Hale,* 137 Mass. 266. St. 1909, c. 490, Part I, § 85. It may fairly be assumed on the record that a tax list and warrant were delivered to the plaintiff to collect the tax as first levied, and it is immaterial, after the omitted assessment was imposed, whether the tax was to be collected under that warrant, or whether a new warrant therefor was issued. *Noyes* v. *Hale,* 137 Mass. 266. St. 1909, c. 490, Part I, § 85, as amended by St. 1911, c. 89. By § 3 of Part II, the plaintiff was required to send notice to the person assessed, " of the amount of his tax" directed to the street and number of his residence if possible. The notice mailed to the testator after his death as well as the alleged demand on him was a nullity. The notice should have been sent to the executrix. But, under the statute, "An omission to send such notice shall not affect either the validity of a tax or of the proceedings for collecting it." The warrant issued by the plaintiff to a constable of the town who made "various demands" on the defendant, was also of no effect because the collector could not issue such warrant before a lawful demand for payment of the tax had been made on her. St. 1909, c. 490, Part II, § 32. But the demand of March 18, 1919, made by the plaintiff was sufficient. It is settled that the assessors had jurisdiction to assess a tax on the testator's money deposited in a national bank and on his jewelry, and his failure to file a list of his taxable property would have deprived him of any right to an abatement which was the only remedy for so much of the tax as had been assessed on his interest in the partnership. St. 1909, c. 490, Part I, § 73. *Harwood* v. *North Brookfield,* 130 Mass. 561. *Williams* v. *Acton,* 219 Mass. 520, 523. If the letter of counsel for the testatrix is treated as in substance an application for an abatement, the assessors in their discretion could rightly decline to accept from her " a sworn return of the financial status of . . . [the testator] as of April 1, 1916, he being alive at that date." St. 1909, c. 490, Part I, § 73. By

§ 34, Part II, "If a person assessed for a tax dies . . . before the payment thereof, . . . the executor, administrator or assignee shall, if a demand is made upon him therefor, forthwith upon receipt of any money applicable to the payment of the tax, pay the same, and in default shall be personally liable therefor as for his own tax.". And by § 33, if a tax "remains unpaid for three months after it has been committed . . . he may maintain an action in his own name against the person assessed therefor in the same manner as for his own debt." A simple remedy is furnished for the collection of a tax from the legal representatives of a deceased person notwithstanding the complications that might arise from the laws relative to the settlement of estates. *Scollard* v. *Edwards*, 194 Mass. 77, 78. *Boston* v. *Turner*, 201 Mass. 190. *Whiton* v. *Balch*, 203 Mass. 576, 578. The record shows that the defendant as executrix has received over "sixteen thousand" dollars. In the absence of any statement that this had been expended before the demand, she was in receipt of money applicable to, and sufficient for the payment of the tax.

The defendant having been duly appointed executrix July 15, 1916, and having qualified and given bond as required by statute, the remaining defence rests on R. L. c. 141, § 9, as amended by St. 1914, c. 699, § 3, which provides that an executor or administrator after giving due notice of his appointment shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust. It "is obligatory upon the executor and administrator as well as upon the creditor; and cannot be waived." *Ames* v. *Jackson*, 115 Mass. 508, 510. The tax remaining unpaid for three months after it had been committed, the plaintiff had the remedial rights of a creditor, and this limitation is as applicable to him as to other creditors of the testator. *Rich* v. *Tuckerman*, 121 Mass. 122. *Dallinger* v. *Davis*, 149 Mass. 62. *Boston* v. *Turner*, 201 Mass. 190, 193. That this defence is not pleaded is of no consequence. If a case is submitted on agreed facts all questions of pleading are waived, and it is to be decided on the merits as if the questions had been presented by proper pleadings. *Ames* v. *Jackson*, 115 Mass. 508, 510. *Fay* v. *Duggan*, 135 Mass. 242. The action, not having been begun within one year after the bond had been given, is therefore barred. The

judgment for the plaintiff is reversed and judgment is to be entered for the defendant.

*So ordered.*