Zottoli, J.
This is an action of contract in which the plaintiff seeks to recover from the defendant $605.79, which represents the amount from which the said Winifred G. Kerwin was relieved from paying as taxes on real estate owned by her during her lifetime, plus interest thereon, and charged to her estate, in accordance with the provisions of G. L. (Ter. Ed.) c. 59, § 5A, as inserted by St. 1941, c. 227, § 3, and amended by St. 1948, c. 541. The defendant's answer, in so far as is now pertinent, is that the claim was barred by the provisions of the statute of limitations contained in G. L. (Ter. Ed.) c. 197, § 9, as amended.
The ease was tried upon a case stated, at the conclusion of which the court found for the plaintiff in the amount of $605.79.
*243 The vital parts of the ease stated may be summarized as follows:
Winifred Gr. Kerwin died August 17, 1946. On January 13, 1947 the defendant was duly appointed administrator with the will annexed of her estate and on the same day the bond required by law for the performance of his trust was duly approved by the Probate Court of Suffolk County. The estate of said Kerwin at the time of the trial exceeded by $800. her debts, reasonable funeral expenses and reasonable expenses of administration. On the date of the writ in this action the defendant held, and at the time of the trial of this action, still holds the said sum of $800., as above stated. No account in said estate has ever been filed by the defendant in the Probate Court. During her lifetime, the said Winifred Gr. Kerwin was for the years 1942, 1943, 1944 and 1945 duly relieved of taxation by the Assessors of the City of Boston by virtue of Gr. L. c. 59, § 5, cl. 18, in an amount which, with the interest thereon totaled $605.79. The assessors of the City of Boston annually computed the amount of said taxes, duly recorded the same, and on January 25, 1948 committed the aggregate amount thereof to the plaintiff, the Collector of Taxes for the City of Boston, upon a special warrant. The said Collector of Taxes duly presented the claim for payment by filing notice thereof in the Registry of the Probate Court having jurisdiction of the matter on February 13, 1948 and by mailing postage prepaid a copy of such notice to the defendant on the same day.
At the close of the trial the defendant duly presented five requests for rulings. These need not be set out in detail because they all relate to the single contention of the defendant, to the effect that there should be a finding for the defendant “in that the cause of action was not commenced within one year from the time the defendant *244 gave bond for the performance of his trust as provided by G. L. (Ter. Ed.) c. 197, §9.” The court denied the defendant’s requests for rulings and in so doing commented: “The Statute of Limitations herein referred to does not govern” and found generally for the plaintiff. Both parties agree that the sole question presented is whether the plaintiff’s right to recover is barred by G. L. (Ter. Ed.) c. 197, § 9, as amended.
This statute in so far as it pertains to the said question presented in substance provides as follows: “Except as provided in this chapter, an executor or administrator shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust
. If this statute is applicable to the facts presented by the case stated it is clear that the action is barred; for it is agreed that it was not commenced within one year from the time the defendant gave his bond for the performance of his trust. This follows from well established law in our Commonwealth which in principle has been applied to a variety of cases. Brown v. Anderson, 13 Mass. 201, 203; Emerson v. Thompson et al., 16 Mass. 429, 432; Lamson v. Schutt et al., 4 Allen 359, 360; Waltham Bank v. Wright, 8 Allen 121,122; Wells et al. v. Child et al., 12 Allen 333, 336; Ames v. Jackson, 115 Mass. 508, 510; Stebbins v. Scott, 172 Mass. 356, 362; Knight v. Grant, Adm., 219 Mass. 199; Bartlett v. Tufts, 241 Mass. 96, 99.
It is well settled that the statute of limitations above referred to is as applicable to a tax collector as to other creditors of the testator where the tax is assessed upon the deceased before his death. Rich v. Tuckerman, Adm., 121 Mass. 222; Bartlett v. Tufts, 241 Mass. 96, 99. It is to be noted that in all these cases, and others of like nature, *245 the actions involved were brought by a creditor of the deceased and therefore came within the express terms of the statute barring actions not commenced within the time provided by statute for so doing. These cases are not determinative of the issue presented for our determination.
The action before us was brought by virtue of an obligation imposed by law by the provisions of c. 541, § 5A of the Acts of 1948, which, so far as pertinent, in substance, read as follows: “In the event that a person is relieved of taxation under any provision of clause Seventeen or of clause Eighteen of section 5, upon his death his estate, to the extent that it exceeds his debts, reasonable funeral and burial expenses and reasonable expense of administration, shall be chargeable with the amount of the taxes from which he is so relieved with interest at the rate of six per cent per annum from the date of his death. His estate shall be so chargeable notwithstanding the time when such taxes were assessed; provided, however, that they were assessed on or after January first, nineteen hundred and forty-two.”
It is to be noted while the aforesaid statute of limitations applies to actions brought by creditors of the deceased, it has been held not to apply to a claim for a debt of the executor personally. Dallinger v. Davis, 149 Mass. 62, 63; Geldert v. Usher, 248 Mass. 323, 326. Nor does it apply to a personal claim of executors against assets in his hands. Brown v. Greene, 181 Mass. 109.
It is apparent from the provisions of c. 541, § 5A of the Acts of 1948, above set forth, that no claim can be effectually made against the estate of a deceased person until such time as the status of the estate described in the statute has been established. In view of the fact that ordinarily this status cannot be ascertained before the year provided by the so-called short statute of limitations for the institution of actions against the administrator or executor has *246 run, it follows that if the short statute applies, the claim against the estate ordinarily would be barred before it was known that it had accrued, or to prevent this an action would have to be brought based on essentials not then known or capable of proof.
It is not reasonable to assume that it was the intention of the legislature to provide for any such result. We think it is more reasonable to conclude that where, as here, the obligation to reimburse the city is posited as a charge upon the estate of the deceased person, it is thus placed upon the estate as an original debt of the estate and not as one arising out of a debt due by the deceased carried over to the administrator. Charging an estate with the payment of a claim imposed by law ordinarily is appropriating a definite portion to the particular purpose. We feel it was the intention of the legislature in passing the act charging the estate with the claim in question to provide for a charge upon the estate when the conditions provided for in the act had been fulfilled and that thereupon the estate was chargeable for the amount due under the terms of the act. In other words, we feel the charge in question is an obligation imposed by law upon the estate and that therefore it is not a debt of the deceased to which the so-called short statute of limitations applies. Thayer v. Finnegan, 134 Mass. 62, 64, 65; 1 Bouvier’s Law Dictionary, Rawle’s Third Edition p.p. 459, 462. From the foregoing it appears that no error appears in the court’s treatment of the defendant’s requests for rulings. The order therefore is Report dismissed.