HAROLD LEVIN & another, executors, *vs.* COMMISSIONER
OF CORPORATIONS AND TAXATION.

Suffolk.   March 1, 1965. — April 7, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Taxation,* Income tax. *Limitations, Statute of. Executor and Administrator,* Taxes, Short statute of limitations.

Discussion of collection procedures and statutes of limitation with respect to an income tax assessed after a decedent's death upon income received by him during his lifetime.   [25–28]

Under G. L. c. 62, §§ 9, 25, 37, 41, collection of an income tax assessed after a taxpayer's death, within the time specified in § 37, upon income received by him in 1957 prior to his death was barred as against his estate by c. 197, § 9, after one year following his executor's giving bond, but, in the circumstances set forth in c. 60, § 36, would not be barred by c. 197, § 9, in an action against the executor individually; and he would be entitled to be allowed in his account for any payment so required of him individually.   [28–29]

PETITION filed in the Probate Court for the county of Suffolk on December 3, 1963.

The case was heard by *Keville,* J.

The case was submitted on briefs.

*David Burnstein* for the petitioners.

*Edward W. Brooke,* Attorney General, *Herbert E. Tucker, Jr.,* Assistant Attorney General, *& William A. Shue* for the respondent.

CUTTER, J.   The executors of the will of Israel M. Levin (the testator) seek declaratory relief against the commissioner.   Upon a case stated, the executors appeal from a Probate Court decree declaring that the commissioner's claim against the testator's estate for an income tax assessed upon income received by the testator in 1957 is not barred by G. L. c. 197, § 9 (as amended through St. 1954, c. 552, § 1).

The testator filed a Massachusetts income tax return reporting income received in 1957.   This return was due on April 15, 1958 (see G. L. c. 62, § 24, as amended through St. 1954, c. 70, § 1).   He died on August 14, 1960.   The executors gave bond on October 13, 1960.   Following a notice (received by one of the executors) of a proposed assessment, given on March 27, 1961 (see G. L. c. 62, § 37, as amended through St. 1956, c. 310, § 2[1]), the commissioner on April 14, 1961, assessed an additional tax of $6,206.37 (including interest) on "Israel M. Levin (dec.)" in care of one of the executors with respect to income received by the testator in 1957.   In behalf of the executors on March 14, 1962, an application for abatement was filed with the State tax commission.   This application is still pending.   The commissioner has not commenced any action against the executors in respect of the additional tax.

Declaratory relief is sought only to determine whether, in assessing the additional tax under G. L. c. 62, §§ 9, 25, and 37, as amended, the commissioner "is barred from any recovery of such taxes by" the so called short statute of limitations.   See G. L. c. 197, § 9, as amended, which reads, in part, "Except as provided in this chapter, an executor . . . shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust . . . ."

General Laws c. 62, § 9 (as amended by St. 1957, c. 644,

---

[1] See later amendments by St. 1958, c. 509, § 2, and St. 1961, c. 555, § 2, which by St. 1958, c. 509, § 3, and St. 1961, c. 555, § 5, respectively, are not applicable to returns of 1957 income.

§ 2), reads, in part, "Estates of deceased persons, *if assessed within the time limited by section thirty-seven,* shall be subject to the taxes imposed by this chapter upon all income received by such persons during their lifetime . . ." (emphasis supplied).[2] Section 37 afforded the commissioner as to 1957 income (fn. 1) three years from the date (April 15, 1958) when the testator's return of 1957 income was due, in which to assess additional taxes upon that income.[3] Section 41 (as amended through St. 1933, c. 350, § 4; see later amendment by St. 1964, c. 460, § 2) gives the commissioner "for the collection of taxes assessed under . . . [c. 62] all the remedies provided by . . . [c. 60] for the collection of taxes on personal estate by [town] collectors of taxes" with an exception not here pertinent. Section 41 also provides that "[a]ny action . . . brought to recover any such [income] tax shall be brought in the name of the commonwealth."[4] In connection with c. 62, § 41, there must be considered G. L. c. 60, §§ 35 and 36, dealing

---

[2] With c. 62, § 9, must be read c. 62, § 25 (as amended through St. 1955, c. 592, § 4), which reads, in part, "Every individual who while an inhabitant of the commonwealth, and every executor . . . who while such an inhabitant or while acting under . . . [a Massachusetts court] appointment . . . has received any income taxable under this chapter, and the estate of every deceased inhabitant . . . shall be subject to the taxes imposed by this chapter. Every such individual or fiduciary shall file a return under . . . section twenty-three if his decedent received any such income not returned by the decedent as to which a tax under this chapter may still be assessed within the time limited by" § 37.

[3] Section 37 (as amended through St. 1956, c. 310, § 2, effective January 1, 1957, see fn. 1) reads, in part, "If the commissioner finds . . . that the income of any person subject to taxation under this chapter . . . has not been assessed, he may, at any time *within three years from the last day for filing the return* required by this chapter, assess the same, first giving notice to the person so to be assessed of his intention, and such person shall thereupon have an opportunity within ten days after such notification to confer with the commissioner in person or by counsel or other representative as to the proposed assessment" (emphasis supplied).

[4] Specific provision is made by G. L. c. 62, § 42, for liability of executors in contract for taxes on income received by them. Section 42 reads, "If any income taxable under this chapter, *received by executors* . . . is duly assessed to them thereunder and they neglect to pay the same, any such fiduciary shall be personally liable therefor to the commissioner in contract, and may be allowed in his account for the amount paid by him" (emphasis supplied).

with the recovery of local property taxes.[5]  Those sections
are applicable also to the collection of income taxes (which,
of course, are also property taxes; see *State Tax Commn.
v. Wheatland,* 343 Mass. 650, 652–653).

In *Stow* v. *Commissioner of Corps. & Taxn.* 336 Mass.
337, 341–342, this court, upon an inadequate record and
because the issue had not been fully argued, refrained from
deciding the question now presented.  We said (p. 341)
that "there is a substantial question . . . whether the pro-
visions of the short statute of limitations . . . c. 197, § 9,
and the related §§ 10–18, 28–31 (as amended), do not con-
trol the present case rather than the limitation provisions
of . . . c. 62, in view of the very strong public policy in
favor of 'limiting the time within which creditors of an
estate may bring actions to enforce their claims' which will,
of course, tend 'to expedite the settlement of estates.' "
We pointed out (p. 342) that determination of the question
might involve consideration of various provisions of G. L.
c. 62 and c. 197, and especially of c. 60, § 36 (fn. 5).  The
*Stow* case, however, does establish that declaratory relief
in the Probate Court is available to executors as an appro-
priate method of bringing about final resolution of State
income tax matters.[6]

---

[5] Chapter 60, § 35 (as amended through St. 1946, c. 251, § 1), reads, "If a
tax which has been committed to a collector remains unpaid after it has be-
come due and payable, it may be recovered in an action of contract or in any
other appropriate action, suit or proceeding brought by the collector . . .
against the person assessed . . . ."  Chapter 60, § 36, reads, "If a person
assessed for a tax dies . . . before the payment thereof, or if a tax is as-
sessed upon the estate of a deceased person, the executor . . . shall, if a de-
mand has been made on him therefor, *forthwith on receipt of any money
applicable to the payment of the tax,* pay the same, and in default shall be
personally liable therefor as for his own tax" (emphasis supplied).

[6] The importance of prompt settlement of claims against an estate, the
administration of which is subject to court supervision, has led courts with
equity jurisdiction, at least in receivership, bankruptcy, and reorganization
matters, to exercise an inherent power to issue ad hoc bar orders concerning
claims (including tax claims against the estate) to expedite closing the estate.
See *International Paper Co.* v. *Priscilla Co.* 281 Mass. 22, 25, 39–40; *New
York* v. *Irving Trust Co.* 288 U. S. 329, 331–333; *Gardner* v. *New Jersey,* 329
U. S. 565, 574; *California State Bd. of Equalization* v. *Sampsell,* 196 F. 2d
252, 253 (9th Cir.).

Several cases discuss the relation of the short statute of limitations to the collection of local property taxes affecting a decedent's estate. These cases distinguish between (a) taxes which became a liability of the decedent before his death (see *Rich* v. *Tuckerman,* 121 Mass. 222; *Bartlett* v. *Tufts,* 241 Mass. 96) and (b) taxes assessed upon the decedent's executor or administrator by virtue of ownership of the property on a date after the decedent's death. See *Dallinger* v. *Davis,* 149 Mass. 62; *Milford* v. *Casamassa,* 339 Mass. 702, 704–707. Some of these cases were referred to in *Boston* v. *Gordon,* 342 Mass. 586, 590. See also Newhall, Settlement of Estates (4th ed.) §§ 175–176, 179–196, esp. § 190; Nichols, Taxation in Massachusetts (3d ed.) 383–384.

These cases in effect hold that taxes assessed upon property, based upon its being owned by the decedent on a date prior to his death, are barred by the short statute of limitations (c. 197, § 9). They also hold that the short statute does not bar an action to recover taxes which have been assessed upon the property of an estate because it was owned by the estate's representative on a date after the decedent's death.

*Bartlett* v. *Tufts,* 241 Mass. 96, heard on a case stated, dealt briefly with what is now G. L. c. 60, § 36 (then St. 1909, c. 490, Part II, § 34). In that case (see p. 97) the defendant, sued individually, was an executrix whose testator had died on May 15, 1916. The testator had made no return of his personal property on which a local property tax should have been assessed on April 1, 1916. A poll tax and a real estate tax were seasonably assessed to him and paid by the executrix. When the inventory of the estate was filed, the assessors (acting under what is now G. L. c. 59, § 75, as amended through St. 1946, c. 339) made on December 20, 1916, a so called "omitted assessment" on certain personal property subject to tax. On April 4, 1919, the collector of taxes brought an action against the executrix "individually" to collect the tax due under the "omitted" assessment, and obtained a judgment in the Superior Court for $477.90. It appeared (p. 99) that the executrix had re-

ceived over $16,000 as part of the estate.[7]  Concerning this amount, the opinion, in an obvious reference to what is now c. 60, § 36 (fn. 5), said, "In the absence of any statement that this [amount] had been expended before the demand, she was in receipt of money applicable to, and sufficient for the payment of the tax."  Nevertheless, this court (pp. 99–100) held that the short statute of limitations (now c. 197, § 9) barred the action against the executrix because it was not "begun within one year after the bond had been given." The court regarded the town collector of taxes as having only "the remedial rights of a creditor" and treated the limitation of the short statute as being "as applicable to him as to other creditors of . . . [that] testator."  The judgment for the tax collector was reversed and judgment for the executrix was ordered.  The court thus in effect construed c. 60, § 36, as making the executrix personally liable in an action at law to pay a property tax for which the decedent himself had been liable only if an action to recover the tax had been brought by the collector prior to expiration of the period set by the short statute.

Reliance upon the analogy of the property tax cases just cited would lead to the conclusion that the short statute (c. 197, § 9) would bar an action to recover income taxes for which a decedent had become liable prior to his death, but would not bar an action to recover taxes upon income received by a decedent's executor or administrator after the decedent's death.  In determining, however, whether this analogy is applicable to the collection of a decedent's income taxes, attention must be given to the effect of the portions of G. L. c. 62, already mentioned, especially c. 62, § 9 (already quoted in part), which subjects the estate of a decedent, "if assessed within the" three years provided by § 37 (fn. 3), to liability for taxes upon income received by the decedent during his life, § 25 (fn. 2), and § 37.

---

[7] Examination of the original papers (Record, pp. 2–7) in the *Bartlett* case (a) indicates that no demand was made for the "omitted" tax upon the executrix (as opposed to letters addressed to the decedent) until May 1, 1918, and (b) that it was not proved whether she received the $16,000 mentioned in the opinion, prior to or after the demand, or whether any of this sum remained in her hands at the time of the demand.

The several relevant provisions of c. 62 do not define at all clearly how additional assessments on income received by a decedent during his life shall be made after his death and collected. Sections 9 and 25 (fn. 2 and accompanying text) subject decedents' estates to the taxes imposed by c. 62. Section 25 specifies not only that an executor is liable for the taxes payable on taxable income received by him but also that the estate is to be subject to the taxes imposed by c. 62. The section explicitly requires an executor to "file a return . . . if his decedent received . . . income not returned by the decedent as to which a tax under this chapter may still be assessed within the time limited by" § 37. Under § 37, with respect to unreported income, the commissioner may assess an additional tax after notice to the person to be assessed. Under §§ 9 and 25, the estate apparently is to be assessed for such an additional tax. This is doubtless because the tax obligation was incurred by the decedent and not by the executor and because the executor should be liable only to the extent that the estate includes funds available to make the tax payment. Of course, notice of any such assessment can only be given to the executor.

No provision of c. 62 expressly makes an executor personally liable in contract for either an original or additional tax upon income received by his decedent, although by § 42 (fn. 4) such liability is in explicit terms imposed upon executors with respect to taxable income received by them. The failure to include in § 42 any provision with respect to the liability of an executor for income taxes formerly owed by his decedent may be of significance. Otherwise c. 62 seems merely, by § 41 (quoted above in part), to incorporate in c. 62 by reference "all the remedies provided" for the collection of certain local taxes by c. 60. Those here relevant are §§ 35 and 36, which, as already noted, have already been interpreted by this court in respect of the collection of local property taxes from decedents' estates.

We recognize that there is no express statutory provision making G. L. c. 197, § 9 (and related statutes) inapplicable

to an action against the executors, as such or individually, in circumstances such as are now presented. Nevertheless, we must give effect, if possible, to the general statutory purpose (shown by c. 62 as a whole) to collect income taxes for which decedents became liable while living. In determining whether c. 197, § 9, bars an action to recover such taxes, we have reëxamined what was said in *Bartlett* v. *Tufts*, 241 Mass. 96, *supra.* We conclude that, upon making the proof required by c. 60, § 36 (viz. that after demand upon the personal representative, he has received or possessed funds of the estate "applicable to the payment of the tax" and sufficient to pay the same, and has not paid it), the commissioner may recover from a decedent's personal representative, individually, an additional tax assessed under c. 62 upon income received by the decedent during his life, even if the action is commenced after the short statute of limitations has run. Chapter 62, §§ 9, 25, and 37, in the aggregate, indicate a legislative intention that there shall be some form of liability for such additional income taxes, if assessed within three years after the return is due.[8] That an assessment is expressly allowed to be made within the three year period is some indication that the Legislature intended that the taxes so assessed should be collectible.[9]

The effect of c. 60, § 36, as we read it, is to impose no liability upon an executor for any tax of a decedent because of the decedent's ownership of property (or receipt of taxable income) during his lifetime, except to the extent that, after a demand for the tax, the executor received, or has in

[8] It is to be noted that the collection of additional taxes, based upon the receipt of income over a twelve month period, frequently involves audit action postponing assessment, whereas property taxes assessed under c. 59 and collected under c. 60 are assessed as of a single tax date. This difference in the taxes imposed under c. 59 and those imposed under c. 62 suggests that somewhat different collection procedures may have been intended under the two chapters.

[9] Of course, even where c. 197, § 9, is in fact applicable to the collection of income taxes from the estate itself, it is open to the commissioner under the final sentence of § 9 to obtain, as may any creditor of the estate, "further time for bringing actions . . . provided that application for such further time be made before the expiration of one year from the time of the approval of the [executor's] bond."

his possession, "money applicable to the payment of the tax." The executor, after such a demand, is placed by § 36 under a duty to use such "applicable" funds to pay the tax. If and to the extent that he does not do so, he becomes "personally liable . . . as for his own tax." The liability is similar to the liability imposed upon the executor by c. 62, § 42 (fn. 4) for income taxes upon taxable income received by the executor.

The result in the *Bartlett* case may have been correct upon the record (see fn. 7) before the court. We think, however, that the propriety of applying G. L. c. 197, § 9, to the executrix's individual liability is so questionable that the principle should not be extended to the different statutory provisions of c. 62 (which, of course, were not considered in the *Bartlett* case). The *Bartlett* case must be taken as now overruled by what is said in this opinion in so far as hitherto it may have been thought to apply to assessments under c. 62.

This result which we reach need not bring about undue delay in closing estates. If the commissioner unreasonably postpones making an assessment, the estate's tax liability may be finally established in declaratory proceedings. Whether some form of bar order procedure (in connection with proceedings under G. L. c. 206, §§ 21 and 22, or otherwise) in the Probate Court may be available in certain instances (see fn. 6), and whether other statutes of limitation may be available to the executor, we need not now consider.

The decree of the Probate Court is to be modified to provide "that the claim of the commissioner against the estate of Israel M. Levin for an additional tax under G. L. c. 62 upon income received by him in 1957 is now barred by G. L. c. 197, § 9, but that an action may be maintained (without regard to the limitation imposed by G. L. c. 197, § 9, but prior to the expiration of any otherwise applicable period of limitation) against the executors, as individuals, if and to the extent that, at or after the time of the demand upon them for such additional income tax, they have had in their possession funds of the estate 'applicable to the payment of the [additional] tax' within the meaning of G. L. c. 60,

§ 36, as amended, which they have not used for payment of such tax," and to declare further "that the executors may be allowed in their accounts for any payments which they are thus required to make individually." As so modified, the decree of the Probate Court is affirmed.

*So ordered.*