*Northern District*
No. 8103
**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF MANATEE COUNTY**
**v.**
**IRVING R. CROCKER, ET ALS**

Argued: Feb. 21, 1974 - Decided: May 10, 1974

*Present:* Bacigalupo, P.J., Forte & Flynn, JJ.

Case tried to *Cullen, J.* in the Fourth District Court of Eastern Middlesex. No. 1357 of 1972.

**Bacigalupo, P.J.** In this action in contract, the plaintiff seeks to recover from the defendant, Irving R. Crocker and three co-defendants, the sum of $4,212.97. All defendants filed an answer to the declaration, and the defendant Irving R. Crocker also filed an answer in abatement.

The court sustained the answer in abatement and the plaintiff, claiming to be aggrieved thereby, seasonably claimed a report to this Division.

The plaintiff's declaration is as follows:

"And the plaintiff says that on October 3, 1969 and for some time prior thereto it had a savings account in its bank standing in the name of one Marie Crocker with the address of Bradenton Trailer Park, Bradenton, Florida, and that on or about Sept. 16, 1969 the defendant Irving Russell Crocker, through his attorneys, requested the procedure for closing out the said account, stating that said Irving R. Crocker was duly appointed Executor of the estate of one Marie Crocker, and in pursuance thereof the said defendant on October 1, 1969 signed an indemnity agreement received by said plaintiff on October 3, 1969, a copy of which is hereto annexed and marked "A", and that thereafter the account of Marie Crocker was transferred to the account of Estate of Marie Crocker, Irving Crocker, Executor, and in May of 1970 said Irving Crocker, as executor, withdrew the funds standing in the name of Marie Crocker in the amount of $3883.00; that thereafter, the plaintiff, being informed that there is another Marie Crocker, who was the true Marie Crocker and owned the aforementioned account, duly notified the defendant Irving Crocker and the other defendants of the error in paying out the funds to the wrong Marie Crocker, and that notwithstanding a demand for return of the funds on or about February 11, 1971, said Irving R. Crocker distributed all of the funds to himself and to other defendants, and that said defendants,

well knowing the facts that there was an error in payment, acted wrongfully and fraudulently to retain unto themselves all of said funds.

And the plaintiff says that a cause of action is stated; to wit, to recover of the defendants the said sum of money wrongfully paid to them by reason of the fraudulent action of said defendants, and by reason of their confederating and conspiring together to defraud as aforesaid, and that said defendants have become unjustly enriched.

WHEREFORE, the plaintiff says that the defendants owe it the sum of $3883.00 together with interest of $329.97 from February 11, 1971 on or before which date demand for repayment was duly made upon the defendants, to the date of this writ, making a total of $4212.97.''

INDEMNITY AGREEMENT AND
AFFIDAVIT FOR LOST PASSBOOK
OR CERTIFICATE

''WHEREAS, FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF MANATEE COUNTY, herein called Association, issued to the undersigned its savings account No. 90-17719 as shown by the books of Association;

NOW, THEREFORE, to induce Association to issue duplicate evidence of said account the undersigned affirms said account was issued to the undersigned and is still owned by the undersigned, that diligent search has been

made for the account book, investment certificate or other evidence of said account, but that same could not be found, and that said evidence is lost and the undersigned cannot produce same; said account or evidence thereof has never been pledged, sold or transferred by the undersigned and is not subject to any kind of lien or claim of any other person, corporation or legal entity.

AND, undersigned, in consideration of the issuance of the duplicate evidence of the account, hereby jointly and severally agree to indemnify and save harmless Association, its successors and assigns, from and against any and all liability, loss, damage expense, suits, judgments, executions, counsel fees and costs, which may or shall arise or be incurred by reason of said affirmed loss or the issuance of said duplicate evidence of said account or the payment (whether incidental, inadvertent or otherwise) of any part of said account to undersigned or to any person or persons presenting the original evidence of said account.''
DATED this ...... day of ......, A.D. 1969.

(s) IRVING CROCKER

As Executor of the Estate of Marie Crocker.

To be notarized on reverse side.

STATE OF MASS.

COUNTY OF

''Before me this day personally appeared Irving R. Crocker to me known and known to me to be the persons who executed the

foregoing instrument, and who each being first duly sworn, deposed and said that the recitations and affirmation contained in said agreement are true.

WITNESS my hand and official seal in the county and state aforesaid, this ............ day of .............., A.D. 196  ."
My commission expires:
................ (s) ................
Notary Public

The answer in abatement of the defendant Irving R. Crocker is as follows:

"Now comes the defendant, Irving Russell Crocker, and answering by way of abatement says that if anything is owed to the plaintiff on account of matters alleged in the plaintiff's declaration, it is owed by Irving R. Crocker, as he is Executor of the will of Marie A. Crocker, Middlesex Probate Court Docket No. 432, 549; and that the defendant only as he was Executor as aforesaid had any contact with the plaintiff; and that the defendant, therefore, ought not to be held to answer to the writ of the plaintiff."

An examination of the declaration and the answer in abatment indicates that the order of the trial judge in sustaining the answer in abatement was predicated upon the conclusion that if there is any liability on the part of the defendant, Irving R. Crocker, it is as executor of the will of Marie Crocker and not individually.

We do not subscribe to this conclusion.

■ The matter of the description of the parties to the action was properly raised by an answer in abatement.*

In the leading case of *White* v. *E. T. Slattery Co.*, 236 Mass. 28, 30 the court said:—

"A plea in abatement goes to the form of the writ; a plea in bar goes to the cause of action. *Whiton* v. *Balch,* 203 Mass. 576, 578. Any fact which impeaches the form of the writ, the timeliness of the action, the capacity of the parties, or such like matter not attacking the foundation of the cause of action, properly may be pleaded in abatement."

Misdescription of a defendant in a writ must be raised by way of plea or answer in abatement. *Town and Country Homes, Inc.* v. *Fields, et al,* 7 Mass. App. Decs. 9.

■ "Ordinarily, in order to save a question of law for report to the Appellate Division, it is necessary to file a request for a ruling. G.L. c. 231, § 108. *Perry* v. *Hanover,* 314 Mass. 167. However, in the instant case, the answer in abatement being decisive of the case and being based on the record which cannot be disputed, the appeal is properly before us on the defendant's request for a report alone, and that suffices to raise the question of whether the action of the judge in allowing the plea was proper and there is no need for

a request for a ruling. *Barton* v. *Cambridge,* 318 Mass. 420." *Abizaide* v. *Abizaide,* 33 Mass. App. Decs. 78, 84.

The defendant having properly raised the question of the capacity in which he was sued, we now examine the merits of his contention that the action was improperly brought against him as an individual and that if there was any liability to the plaintiff it was in his capacity as executor of the estate of Marie Crocker.

It has long been settled in this Commonwealth that "the general rule is that obligations arising subsequently to the death of the deceased are not direct charges against the assets of the estate. This means that if the executor or administrator makes personal contracts or incurs liabilities in the course of his duties, even though they are for the benefit of the estate, they are his personal debts, for which he alone is liable, if he has acted properly, he may be allowed in his account for all expenses incurred by him, but if he refuses or neglects to pay, any action at law must be against him personally, and not against the estate." *Newhall Settlement of Estates,* 4th Edition, Volume 1, Section 107 and 179. *Corbin on Contract,* Section 346.

In *Luscomb* v. *Ballard,* Exec. 5 Gray 403, 405, the court said:

"..... the law is, that by a promise, the consideration of which arises after the death

of the testator or intestate, the estate cannot be charged, but that the executor or administrator is personally liable on his contract. And whether the amount is to be repaid from the estate is a question for the court of probate, in the settlement of his account." *Grueby* v. *Chase Harris Forbes Corporation*, 292 Mass. 156, 159, 160. See also *Rosenthal* v. *Schwartz*, 214 Mass. 371, 373. *Levin* v. *Commissioner of Corporations and Taxation*, 349 Mass. 20, 27, 28.

The liability set forth in the declaration was one which was incurred by the executor, Irving R. Crocker, after the death of his testatrix and therefore was one for which he was personally liable if liability in fact existed.

We note that the writ was returnable on July 17, 1972 and that the liability which the plaintiff alleges accrued on February 11, 1971, or earlier.

G.L. c. 260 § 11 provides in relevant part that "an action founded on any contract made or act done by a person acting as the executor, administrator or other legal representative of the estate of a deceased person shall be brought within one year .... after the right of action accrues." See: *Reilly* v. *Whiting*, 332 Mass. 745.

However, as this limitation was not raised by the answer in abatement or by the report, or by any other relevant pleading before us, we are precluded from considering it. *Breen*

v. *Burns,* 280 Mass. 222, 228. *Maksymiuk* v. *Pucata,* 279 Mass. 346, 352; *Keeney* v. *Ciborowski,* 304 Mass. 371, 374.

No brief was submitted or argument made on behalf of the defendant.

The order sustaining the answer in abatement is vacated and the action against Irving R. Crocker is ordered restored to the trial list.

JACK J. Moss

   for Plaintiff

HENRY J. CURTIS

   for Defendant